Stephen R. Sady, OSB #81099
Chief Deputy Federal Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: Steve_Sady@fd.org
Attorney for Petitioner


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE,** | **Civ. No. 02-300-CO** |
| **Petitioner,** | **MEMORANDUM IN SUPPORT OF MOTION TO AMEND PETITION AND TO HOLD CASE IN ABEYANCE** |
| **vs.** | |
| **ROBERT LAMPERT,** | |
| **Respondent.** | |

**Introduction**

Mr. Lee seeks leave to amend his federal petition to add a claim based on recent decisions of the Supreme Court and the Ninth Circuit Court of Appeals. Mr. Lee is currently exhausting the claim in the Oregon state court. Mr. Lee seeks amendment to ensure that all of his claims for relief may be heard in this, his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Amendment and use of the stay and abeyance procedure is proper and appropriate under Federal Rule of Civil Procedure 15 and the applicable law, including decisions of the Ninth Circuit Court

of Appeals and the Supreme Court's decision in *Rhines v. Weber*, 125 S. Ct. 1528 (2005).

**Factual Background**

In 1996, Mr. Lee was convicted by a jury of child sex abuse. The child gave conflicting testimony as to whether the defendant had abused him. The trial court sharply limited the scope of the defense's cross-examination under Oregon Rule of Evidence 412. The primary evidence of guilt was introduced by the investigating officer who testified as to what the victim told him during a police interview.

Mr. Lee filed a direct appeal. Although trial counsel urged him to do so, appellate counsel failed to raise a confrontation issue and instead filed a *Balfour* brief. Mr. Lee did not petition for review. Mr. Lee subsequently exhausted his post-conviction relief. Mr. Lee filed his federal habeas petition on March 12, 2002. After the petition was dismissed based on untimeliness, the Ninth Circuit remanded the case for further proceedings. The State filed its answer, arguing that the case is time barred despite the remand order from the Court of Appeals.

On March 8, 2004, after the remand order, the Supreme Court held that testimonial out-of-court statements are barred under the Confrontation Clause unless the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 124 S. Ct. 1354 (2004). The Oregon court followed *Crawford* in *State v. Page*, 197 Or.App. 72, 104 P.3d 616 (2005). In February 2005, the Ninth Circuit held that *Crawford* announced a new rule of criminal procedure that applied retroactively. *Bockting v. Bayer*, 399 F.3d 1010 (2005).

Based on this intervening case law, Mr. Lee filed a petition for post-conviction relief in the state court raising a denial of his Sixth Amendment rights to confrontation, citing *Crawford*. *Lee v. Hill*, CV 05044397M. The case is presently pending in the Linn County Circuit Court.

**ARGUMENT**

Under the standards set forth in Rule 15 and the applicable case law, including the Supreme Court's recent pronouncement in *Rhines v. Weber*, Mr. Lee is entitled to amend his petition to assert his new claim, and stay that petition pending the completion of exhaustion in this matter.  Allowing Mr. Lee to amend and to hold in abeyance both preserves his rights to raise the *Crawford* claim and satisfies the interests in comity.

**A.     Mr. Lee Should Be Allowed To Stay His Federal Petition Pending Exhaustion Of His State Remedies.**

A habeas petitioner should present all of the claims challenging his conviction and sentence in a first federal petition filed under 28 U.S.C. § 2254.  However, before a claim that is presented in that first federal petition may be heard on the merits, that claim must first be exhausted by presentation to the state courts.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).

In  *Rhines v. Weber*, 125 S. Ct. 1528 (2005), the Supreme Court approved the stay-and-abeyance procedure requested by this motion.  The Court held that "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions."  *Rhines*, 125 S. Ct. 1535.  To preserve those interests in light of the strict rules against successive petitions and time limitations, the Court held that stay-and-abeyance was available for petitions under § 2254 in order to allow a petitioner to complete exhaustion proceedings in state court so that all of his claims would be presented in his first federal petition. *Rhines*, 125 S. Ct. at 1534-1536.

The Court specifically authorized the use of the stay-and-abeyance procedure for petitions that include both exhausted and unexhausted claims:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition."

*Rhines*, 125 S. Ct. at 1535 (citing *Lundy*, 455 U.S. at 522). *See also Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005) (authorizing filing of a "'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"). Mr. Lee meets these standards.

First, Mr. Lee's *Crawford* claim is potentially meritorious. Richard Lee was convicted of child sexual abuse following a jury trial. The defense theory of the case was that child had confused the defendant with another man, Robert Nachand, who had already pled guilty to abusing the child during the same period that Mr. Lee is accused of abusing the child. The five-year-old victim was called as a witness, but the court never ruled on his availability or competency to testify. The child, during the trial, identified Mr. Lee, but used the name of Robert. Later, the child confirmed that Robert (Mr. Nachand's first name) improperly touched him.

Mr. Lee was unable to cross-examine the child on the relevant facts as to Mr. Nachand because the court ruled that, under Oregon's rape shield laws, defense counsel could not cross-examine the child about the abuse by Mr. Nachand. Pursuant to Rule 803(18a) of the Oregon Evidence Code, the investigating officer testified as to what the child told him during a police interview, which was offered for the truth of what was asserted. The babysitter and the father also testified as to what the child told them about the abuse. The abuse by Mr. Nachand was eventually allowed in, but the child was never allowed to be questioned directly on the subject. As in *Crawford*, confrontation was impermissibly limited by a state evidentiary rule. The claim is potentially

meritorious.

Second, Mr. Lee had good cause not to develop the claim earlier. While Mr. Lee raised aspects of a claim under the Confrontation Clause in his prior state proceedings and in his federal petition, it was not until the Supreme Court announced the watershed rule of procedure in *Crawford* on March 8, 2004, that a particularized claim was recognized.

Third, Mr. Lee acted with diligence. The *Crawford* claim became available to Mr. Lee on February 22, 2005. On that date, the Ninth Circuit held that the *Crawford* decision should be applied retroactively because it announced a watershed rule of criminal procedure without which the likelihood of an accurate conviction was seriously undermined. Shortly thereafter, on March 8, 2005, Mr. Lee submitted to the prison officials for filing a post-conviction petition raising the *Crawford* claim.

Mr. Lee has made the requisite showing that the potentially meritorious *Crawford* claim should be exhausted and that, meanwhile, the federal case should be stayed and abeyed.

**B.      Amending The Petition To Add These Newly-Exhausted Claims Is Appropriate Under Rule 15 Of The Federal Rules Of Civil Procedure.**

Congress has specified that a habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure provides the applicable procedure for amending pleadings in civil actions, and the Ninth Circuit has repeatedly held that the amendment provisions of Rule 15 apply in federal habeas actions under 28 U.S.C. § 2254.

The Ninth Circuit has applied Rule 15(a) to require that leave to amend be "freely given when justice so requires" in habeas actions. *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir.1995)). In addition, the Ninth Circuit has

held that Rule 15(c) allows any amendment to a § 2254 petition to relate back to the date of the original filing. *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000).

The Ninth Circuit's most recent application of Rule 15(c) to a habeas petition was in *Felix v. Mayle*, 379 F.3d 612, 615-616 (9th Cir. 2004). The Supreme Court accepted certiorari to review the holding in *Mayle v. Felix*, 125 S. Ct. 824 (2005). The Ninth Circuit decision is controlling precedent unless the Supreme Court reversed. *Chambers v. United States*, 22 F.3d 939, 942 n.3 (9th Cir. 1989), *vacated on other grounds*, 47 F.3d 1015 (9th Cir. 1995); *United States v. Stanwood*, 872 F.Supp. 791, 795 (D.Or. 1994), *affirmed*, 100 F.3d 1996 (9th Cir. 1996). In light of the Supreme Court's recent authorization of the stay-and-abeyance procedure to allow for exhaustion of new claims in *Rhines* and *Pace*, Rule 15 permits amendment and exhaustion of the *Crawford* claim.

**Conclusion**

For the foregoing reasons, Mr. Lee respectfully requests that this Court grant his motion to amend his petition to add the *Crawford* claim and issue an order holding this federal action in abeyance pending resolution of the state court proceedings to exhaust these claims.

RESPECTFULLY SUBMITTED this June 21, 2005.

/s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

CERTIFICATE OF SERVICE

I hereby certify that I have made service of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO AMEND on Assistant Attorney General Lynn Larsen on June 21, 2005, by electronic filing.


/s/ Christine Moore
Christine Moore


CERTIFICATE OF SERVICE