HARDY MYERS
Attorney General
LYNN DAVID LARSEN #77254
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 378-6313
Fax: (503) 373-2147
Email: lynn.larsen@state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD R. LEE,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT O. LAMPERT,<br><br>    Respodent. | Case No. 02-300-CO<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO AMEND PETITION AND TO HOLD CASE IN ABEYANCE |

**I.     Introduction**

In his "Motion to Amend Petition and to Hold Case in Abeyance" (Motion) dated June 21, 2005, petitioner seeks to add a new claim to his habeas petition that is based on *Crawford v. Washington*, __, U.S. __, 124 S.Ct. 1384 (2004). But like all of his other claims, petitioner's new *Crawford*-claim is time-barred. Thus, this court should not allow him to amend his habeas petition to include any additional claims. Furthermore, because petitioner should not be allowed to amend his habeas petition to include new time-barred claims, this action should not be stayed while petitioner attempts to present his new *Crawford*-claim to the Oregon state courts.

///

///

Page 1 -   MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER
GRANTING MOTION TO AMEND PETITION AND TO HOLD CASE IN ABEYANCE
LDL/med/TRIL9678
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                            (503) 378-6313

## II. Discussion

In *Mayle v. Felix*, __ U.S. __, __ S.Ct. __, 2005 WL 1469153 (U.S. June 23, 2005), the Court clarified that habeas petitions may not be amended to add new claims that are time-barred under the AEDPA's statute of limitations (28 U.S.C. § 2244), unless the new claims "relate back" to claims alleged in the original petition. *See Mayle*, 2005 WL 1469153 at 12. And new claims "relate back" to the claims alleged in the original petition only if they are "tied to a common core of operative facts[.]" *Id*.

In this case, petitioner has not shown that the new *Crawford*-claim alleged in his proposed amended petition arose out of the same "common core of operative facts" as the claims alleged in his original petition.[1] For that reason alone, this court would be justified in denying his motion to amend. *See Mayle*, 2005 WL 1469153 at 12.

Moreover, in this case, all of petitioner's claims are time-barred under 28 U.S.C. § 2244. *See* Respondent's Response to Habeas Corpus Petition (Response) dated April 21, 2005. Thus, even assuming petitioner's *Crawford*-claim arises out of the same "common core of operative facts" as his other claims, that will not help him now because that would simply mean that his *Crawford*-claim relates back to other time-barred claims. But habeas petitioners should not be allowed to add new time-barred claims to their petitions simply by showing that those new claims relate back to claims alleged in the original that are also time-barred. That would defy common sense. Accordingly, this court should deny petitioner's motion to amend his habeas petition.

If the court denies petitioner's motion to amend his habeas petition, it should also deny his motion to stay because there is no point in staying this case while petitioner attempts to

---

[1] This is due in part to the fact that most of petitioner's claims are conclusory, and therefore do not meet the pleading requirements established by the rules governing federal habeas proceedings. *See Mayle*, 2005 WL 1469153 at 7-8.

Page 2 -  MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER
GRANTING MOTION TO AMEND PETITION AND TO HOLD CASE IN ABEYANCE
LDL/med/TRIL9678           Department of Justice
                           1162 Court Street NE
                           Salem, OR 97301-4096
                           (503) 378-6313

present new claims to the Oregon state courts, if those claims are barred from review in this court anyway on statute of limitations grounds.

### III. Conclusion

For the reasons stated above, petitioner's motion to amend should be denied. In addition, if the court denies petitioner's motion to amend, his motion to stay should also be denied.

DATED this 30TH day of June, 2005.

Respectfully submitted,

HARDY MYERS
Attorney General

_____
LYNN DAVID LARSEN #77254
Attorney-In-Charge
Trial Attorney
Of Attorneys for Respondent
1162 Court Street NE
Salem, OR 97301-4096
(503) 378-6313

Page 3 -   MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER
           GRANTING MOTION TO AMEND PETITION AND TO HOLD CASE IN ABEYANCE
           LDL/med/TRIL9678
                                                Department of Justice
                                                1162 Court Street NE
                                                Salem, OR 97301-4096
                                                (503) 378-6313

## CERTIFICATE OF SERVICE

I certify that on June 30, 2005, I served the foregoing MEMORANDUM IN SUPPORT OF RECONSIDERATION upon the parties hereto by the method indicated below, and addressed to the following:

Steve Sady
Federal Public Defender's Office
101 SW Main Street
Suite 1700
Portland, OR 97204

____ HAND DELIVERY
__X__ MAIL DELIVERY
____ OVERNIGHT MAIL
____ TELECOPY (FAX)
____ E-MAIL
____ E-FILE


LYNN DAVID LARSEN #77254
Attorney-In-Charge
Trial Attorney
Of Attorneys for Respondent
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 378-6313

Page 1 -   CERTIFICATE OF SERVICE
          LDL/med/TRIK5943.DOC
                                        Department of Justice
                                        1162 Court Street NE
                                        Salem, OR 97301-4096
                                        (503) 378-6313