**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE,** | Civ. No. 02-300-CL |
| Petitioner, | **REPLY** |
| vs. | |
| **ROBERT LAMPERT,** | |
| Respondent. | |

The State has not responded to the merits of Mr. Lee's petition, instead relying on nonjurisdictional statute of limitations arguments that are incorrect as a matter of law.  As an initial matter, Mr. Lee has never conceded that his federal petition is untimely, as the State asserts.  To the contrary, he successfully appealed the dismissal of his petition on timeliness grounds.  He only raises the issue of equitable tolling in response to the State's Answer, filed

on April 22, 2005, arguing that the petition is still time barred (CR 28). In response, Mr. Lee continues to assert that his petition is timely and, in the alternative, asserts that the statute of limitations should be equitably tolled because Mr. Lee has made a sufficient showing of actual innocence under the standard of *Schlup v. Delo*, 513 U.S. 298 (1995). Alternatively, equitable tolling of the statute of limitations is warranted based on the trap that Oregon's two-year statute of limitations period creates for prisoners seeking federal habeas review. This Court should consider the merits of Mr. Lee's claims, or alternatively, conduct an evidentiary hearing on whether there is sufficient evidence to pass through the *Schlup* gateway.

      A.    **The *Schlup* Actual Innocence Gateway Equitably Tolls The Federal Statute Of Limitations.**

Contrary to the State's argument, the *Schlup* actual innocence gateway applies to statutes of limitations. Resp. at 6-7. Serious constitutional issues would arise if the AEDPA statute of limitations foreclosed federal habeas review for a petitioner who has established that he is probably innocent. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir. 2002) (citing *Triestman v. United States*, 124 F.3d 361, 378-79 (2d Cir. 1997); *Miller v. Marr*, 141 F.3d 976, 978 (9th Cir. 1998); *In re Dosainvil*, 119 F.3d 245, 248 (3d Cir. 1997)). The Sixth Circuit explicitly held that the one-year limitations period should be equitably tolled based on a credible showing of actual innocence under the standard in *Schlup*. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Although the *Majoy* court did not need to reach the ultimate

question, the court's cited to AEDPA cases that assume Congress did not want innocent people to be barred from courts on such a nonjurisdictional technicality.

Courts in this District have concluded that a showing of actual innocence under the standard in *Schlup* equitably tolls the AEDPA statute of limitations. In *O'Neal v. Lampert*, 199 F.Supp.2d 1064 (D.Or. 2002) (Aiken, J.), the Court held that a habeas petition should receive the same protections afforded under *Schlup* whether the state or federal statute of limitations is involved:

> When a federal court on habeas corpus review applies the "actual innocence" exception to permit a state prisoner to circumvent a procedural default regarding a state procedural rule (including a state statute of limitations), the federal court necessarily transgresses principles of federalism and comity as well as the principle of "finality" in criminal cases. However, due to the prisoner's actual innocence, such important principles must give way to justice. When an innocent state prisoner's violation of the federal habeas corpus statute of limitations is at issue, the federalism and comity interests are not nearly as strong as when a federal court must forgive an innocent prisoner's procedural default of a state's habeas corpus statute of limitations. Therefore, I find that it is reasonable to provide the same protection to a state prisoner who procedurally defaults by failing to meet a state statute of limitations' filing deadline as to a state prisoner who fails to meet the federal statute of limitations' filing deadline.

199 F.Supp.2d at 1066 -1067. *See also Singleton v. Belleque*, 2007 WL 162514, at *5 (D.Or. Jan. 17, 2007)(Hogan, J.)(citing *O'Neal*, 199 F.Supp.2d at 1066-67). In *Lisker v. Knowles*, 463 F.Supp.2d 1008 (C.D.Cal. 2006), the court agreed with Judge Aiken's reasoning, holding that a petitioner's demonstration of probable innocence excuses his noncompliance with the federal statute of limitations. *Lisker* also observed that because the *Schlup* miscarriage of justice/actual innocence gateway for procedural default and equitable tolling play similar

roles, a showing of actual innocence under *Schulp* should also apply to override the federal statute of limitations. 463 F.Supp.2d at 1034. Accordingly, the State is incorrect in arguing that actual innocence under *Schlup* cannot excuse an untimely petition.

### B. Mr. Lee Has Made The Requisite Showing Of Actual Innocence Under *Schlup* To Equitably Toll The Statute Of Limitations.

A review of all the evidence, both that introduced at trial and evidence provided to the Court in this proceeding, establishes that it is more likely than not that no reasonable juror would have found Mr. Lee guilty of all of the charges beyond a reasonable doubt. *Schlup*, 513 U.S. at 328. The showing only requires that there is a "51% or greater chance" that any reasonable juror would not find the petitioner guilty beyond a reasonable doubt. *Smith v. Baldwin*, 466 F.3d 805, 822 (9th Cir. 2006). In making a determination of whether Mr. Lee has made the requisite showing, this Court must assess the likely impact on reasonable jurors of the total evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted. *House v. Bell*, 126 S.Ct. 2064, 2077-78 (2006).

The State argues that Mr. Lee has not made this showing because he has not identified any evidence that is new and reliable. Resp. at 8. To the contrary, Mr. Lee has proffered evidence that his brother, who bears a striking resemblance to Mr. Lee, was a convicted child sex abuser who was present in the apartment when the abuse took place. Larry Lee, unlike Mr. Lee, does not have tattoos. Mr. Lee submitted photographs of Larry Lee demonstrating the resemblance. Pet. Ex. U & V. This newly presented evidence is significant in the context

of all of the evidence because the child victim testified that his abuser, like Larry Lee but unlike Mr. Lee, did not have any tattoos. Pet. Ex. K at 82, 89.

Mr. Lee also proffered evidence of what an expert in child abuse would have testified to regarding the competency of such young witnesses and their proclivity to confusion and suggestibility. Had the jury known that another convicted child molester, who looked like Mr. Lee but who had no tattoos, was also present in the apartment when the child was abused, it is more likely than not that no reasonable juror would have found Mr. Lee guilty beyond a reasonable doubt.

The State asserts that evidence regarding Larry Lee is unreliable because it "would not significantly undermine or impeach the credibility of the victim because it has nothing to do with whether petitioner abused the victim." Resp. at 9. Not only is this the wrong test for reliability, the evidence regarding Larry Lee directly pertains to the child victim's identification of Mr. Lee as his abuser, particularly so where the child victim misidentified Mr. Lee numerous times during his testimony, and where the only evidence of sodomy came from the officer's hearsay testimony regarding the child's answers to questions regarding the abuse by either Nachand or Lee.

In assessing whether a petitioner passes through the *Schlup* gateway, the Court should assume the truthfulness of the newly presented evidence. 513 U.S. at 331 (assuming statements to be true when evaluating whether a juror hearing such evidence would vote to convict). In any event, the evidence is reliable because Larry Lee's physical appearance and

proximity to the victim during the relevant period are not subject to interpretation but are physical and historical facts.

The State suggests that the legal sufficiency of the evidence submitted at trial is irrelevant to whether Mr. Lee has made a sufficient showing under *Schlup* to merit equitable tolling, and that the Court should only consider evidence that is new and reliable. Resp. at 8. This is incorrect. As the Supreme Court held in *House*, the Court must consider the totality of the evidence, both old and new, inculpatory and exculpatory, and assess whether the newly presented evidence would have impacted the jury. 126 S.Ct. at 2078. The sparse inculpatory evidence is an important element of the totality of the circumstances.

Mr. Lee has met his burden under *Schlup* to override the federal statute of limitations, and this Court should consider the merits of his claims. Alternatively, he renews his request for an evidentiary hearing to establish that he is actually innocent under *Schlup*. *Smith*, 466 F.3d at 826 (noting the alternative remedy is remand for an evidentiary hearing on actual innocence under *Schlup*); *Majoy*, 296 F.3d at 777 (same).

**C.    In The Alternative, The Statute Of Limitations Should Be Equitably Tolled Because The Oregon Two-year Trap Creates An Extraordinary Circumstance Beyond The Prisoner's Control While He Diligently Exhausts His State Remedies.**

The Ninth Circuit has applied the doctrine of equitable tolling to the AEDPA statute of limitations when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotation marks omitted), *overruled on other*

*grounds*, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). *See also Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999) (applying equitable tolling where prison officials' delay in filing the petition was beyond petitioner's control). Equitable tolling should also apply where the prisoner diligently exhausts his state remedies in compliance with state rules.

The State misreads *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003), in arguing that the statute of limitations cannot be equitably tolled to ameliorate the harsh consequence of the tension between state and federal statute of limitations periods. Neither *Ferguson* nor *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), upon which the State also relies, involved the constitutionality and statutory construction of Section 2241(d)(1), and neither considered whether the statute of limitations should be equitably tolled while a prisoner timely exhausts his state remedies. In fact, *Tinker* suggests that equitable tolling maybe appropriate upon a showing of extraordinary and compelling circumstances. 255 F.3d at 1333. This Court should extend the equitable tolling principles established in *Calderon* and *Miles* to the extraordinary circumstance created by Oregon's two-year statute of limitations.

**Conclusion**

For the forgoing reasons, this Court should consider the merits of Mr. Lee's claims. The statutes do not require the great miscarriage of justice of an innocent man being denied habeas based on a nonjurisdictional statute of limitations. The record demonstrates that Mr. Lee's conviction was obtained based on ineffective assistance of trial counsel who failed to object to inadmissible hearsay evidence, and failed to consult an expert in child abuse cases

where the victim's age made him particularly susceptible to suggestion, and then affirmed based on ineffective appellate counsel, who failed to raised meritorious trial court errors involving Mr. Lee's Sixth Amendment confrontation rights. Moreover, the evidence of guilt, especially of the sodomy charges, was insufficient to sustain a conviction. The Court should deem the petition timely filed and grant relief on the merits.

Respectfully submitted this 29th day of November, 2007.

    /s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

Lynn Deffebach
Research and Writing Attorney
on the brief

**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE,** | Civ. No. 02-300-CL |
| Petitioner, | **REPLY** |
| vs. | |
| **ROBERT LAMPERT,** | |
| Respondent. | |

The State has not responded to the merits of Mr. Lee's petition, instead relying on nonjurisdictional statute of limitations arguments that are incorrect as a matter of law.  As an initial matter, Mr. Lee has never conceded that his federal petition is untimely, as the State asserts.  To the contrary, he successfully appealed the dismissal of his petition on timeliness grounds.  He only raises the issue of equitable tolling in response to the State's Answer, filed

**Page 1   REPLY**

on April 22, 2005, arguing that the petition is still time barred (CR 28). In response, Mr. Lee continues to assert that his petition is timely and, in the alternative, asserts that the statute of limitations should be equitably tolled because Mr. Lee has made a sufficient showing of actual innocence under the standard of *Schlup v. Delo*, 513 U.S. 298 (1995). Alternatively, equitable tolling of the statute of limitations is warranted based on the trap that Oregon's two-year statute of limitations period creates for prisoners seeking federal habeas review. This Court should consider the merits of Mr. Lee's claims, or alternatively, conduct an evidentiary hearing on whether there is sufficient evidence to pass through the *Schlup* gateway.

      **A.**    **The *Schlup* Actual Innocence Gateway Equitably Tolls The Federal Statute Of Limitations.**

Contrary to the State's argument, the *Schlup* actual innocence gateway applies to statutes of limitations. Resp. at 6-7. Serious constitutional issues would arise if the AEDPA statute of limitations foreclosed federal habeas review for a petitioner who has established that he is probably innocent. *Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir. 2002) (citing *Triestman v. United States*, 124 F.3d 361, 378-79 (2d Cir. 1997); *Miller v. Marr*, 141 F.3d 976, 978 (9th Cir. 1998); *In re Dosainvil*, 119 F.3d 245, 248 (3d Cir. 1997)). The Sixth Circuit explicitly held that the one-year limitations period should be equitably tolled based on a credible showing of actual innocence under the standard in *Schlup*. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Although the *Majoy* court did not need to reach the ultimate

question, the court's cited to AEDPA cases that assume Congress did not want innocent people to be barred from courts on such a nonjurisdictional technicality.

Courts in this District have concluded that a showing of actual innocence under the standard in *Schlup* equitably tolls the AEDPA statute of limitations. In *O'Neal v. Lampert*, 199 F.Supp.2d 1064 (D.Or. 2002) (Aiken, J.), the Court held that a habeas petition should receive the same protections afforded under *Schlup* whether the state or federal statute of limitations is involved:

> When a federal court on habeas corpus review applies the "actual innocence" exception to permit a state prisoner to circumvent a procedural default regarding a state procedural rule (including a state statute of limitations), the federal court necessarily transgresses principles of federalism and comity as well as the principle of "finality" in criminal cases. However, due to the prisoner's actual innocence, such important principles must give way to justice. When an innocent state prisoner's violation of the federal habeas corpus statute of limitations is at issue, the federalism and comity interests are not nearly as strong as when a federal court must forgive an innocent prisoner's procedural default of a state's habeas corpus statute of limitations. Therefore, I find that it is reasonable to provide the same protection to a state prisoner who procedurally defaults by failing to meet a state statute of limitations' filing deadline as to a state prisoner who fails to meet the federal statute of limitations' filing deadline.

199 F.Supp.2d at 1066 -1067. *See also Singleton v. Belleque*, 2007 WL 162514, at *5 (D.Or. Jan. 17, 2007)(Hogan, J.)(citing *O'Neal*, 199 F.Supp.2d at 1066-67). In *Lisker v. Knowles*, 463 F.Supp.2d 1008 (C.D.Cal. 2006), the court agreed with Judge Aiken's reasoning, holding that a petitioner's demonstration of probable innocence excuses his noncompliance with the federal statute of limitations. *Lisker* also observed that because the *Schlup* miscarriage of justice/actual innocence gateway for procedural default and equitable tolling play similar

Page 3   REPLY

roles, a showing of actual innocence under *Schulp* should also apply to override the federal statute of limitations. 463 F.Supp.2d at 1034. Accordingly, the State is incorrect in arguing that actual innocence under *Schlup* cannot excuse an untimely petition.

### B. Mr. Lee Has Made The Requisite Showing Of Actual Innocence Under *Schlup* To Equitably Toll The Statute Of Limitations.

A review of all the evidence, both that introduced at trial and evidence provided to the Court in this proceeding, establishes that it is more likely than not that no reasonable juror would have found Mr. Lee guilty of all of the charges beyond a reasonable doubt. *Schlup*, 513 U.S. at 328. The showing only requires that there is a "51% or greater chance" that any reasonable juror would not find the petitioner guilty beyond a reasonable doubt. *Smith v. Baldwin*, 466 F.3d 805, 822 (9th Cir. 2006). In making a determination of whether Mr. Lee has made the requisite showing, this Court must assess the likely impact on reasonable jurors of the total evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted. *House v. Bell*, 126 S.Ct. 2064, 2077-78 (2006).

The State argues that Mr. Lee has not made this showing because he has not identified any evidence that is new and reliable. Resp. at 8. To the contrary, Mr. Lee has proffered evidence that his brother, who bears a striking resemblance to Mr. Lee, was a convicted child sex abuser who was present in the apartment when the abuse took place. Larry Lee, unlike Mr. Lee, does not have tattoos. Mr. Lee submitted photographs of Larry Lee demonstrating the resemblance. Pet. Ex. U & V. This newly presented evidence is significant in the context

of all of the evidence because the child victim testified that his abuser, like Larry Lee but unlike Mr. Lee, did not have any tattoos. Pet. Ex. K at 82, 89.

Mr. Lee also proffered evidence of what an expert in child abuse would have testified to regarding the competency of such young witnesses and their proclivity to confusion and suggestibility. Had the jury known that another convicted child molester, who looked like Mr. Lee but who had no tattoos, was also present in the apartment when the child was abused, it is more likely than not that no reasonable juror would have found Mr. Lee guilty beyond a reasonable doubt.

The State asserts that evidence regarding Larry Lee is unreliable because it "would not significantly undermine or impeach the credibility of the victim because it has nothing to do with whether petitioner abused the victim." Resp. at 9. Not only is this the wrong test for reliability, the evidence regarding Larry Lee directly pertains to the child victim's identification of Mr. Lee as his abuser, particularly so where the child victim misidentified Mr. Lee numerous times during his testimony, and where the only evidence of sodomy came from the officer's hearsay testimony regarding the child's answers to questions regarding the abuse by either Nachand or Lee.

In assessing whether a petitioner passes through the *Schlup* gateway, the Court should assume the truthfulness of the newly presented evidence. 513 U.S. at 331 (assuming statements to be true when evaluating whether a juror hearing such evidence would vote to convict). In any event, the evidence is reliable because Larry Lee's physical appearance and

proximity to the victim during the relevant period are not subject to interpretation but are physical and historical facts.

The State suggests that the legal sufficiency of the evidence submitted at trial is irrelevant to whether Mr. Lee has made a sufficient showing under *Schlup* to merit equitable tolling, and that the Court should only consider evidence that is new and reliable. Resp. at 8. This is incorrect. As the Supreme Court held in *House*, the Court must consider the totality of the evidence, both old and new, inculpatory and exculpatory, and assess whether the newly presented evidence would have impacted the jury. 126 S.Ct. at 2078. The sparse inculpatory evidence is an important element of the totality of the circumstances.

Mr. Lee has met his burden under *Schlup* to override the federal statute of limitations, and this Court should consider the merits of his claims. Alternatively, he renews his request for an evidentiary hearing to establish that he is actually innocent under *Schlup*. *Smith*, 466 F.3d at 826 (noting the alternative remedy is remand for an evidentiary hearing on actual innocence under *Schlup*); *Majoy*, 296 F.3d at 777 (same).

**C.    In The Alternative, The Statute Of Limitations Should Be Equitably Tolled Because The Oregon Two-year Trap Creates An Extraordinary Circumstance Beyond The Prisoner's Control While He Diligently Exhausts His State Remedies.**

The Ninth Circuit has applied the doctrine of equitable tolling to the AEDPA statute of limitations when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotation marks omitted), *overruled on other*

*grounds*, *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). *See also Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999) (applying equitable tolling where prison officials' delay in filing the petition was beyond petitioner's control). Equitable tolling should also apply where the prisoner diligently exhausts his state remedies in compliance with state rules.

The State misreads *Ferguson v. Palmateer*, 321 F.3d 820 (9th Cir. 2003), in arguing that the statute of limitations cannot be equitably tolled to ameliorate the harsh consequence of the tension between state and federal statute of limitations periods. Neither *Ferguson* nor *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), upon which the State also relies, involved the constitutionality and statutory construction of Section 2241(d)(1), and neither considered whether the statute of limitations should be equitably tolled while a prisoner timely exhausts his state remedies. In fact, *Tinker* suggests that equitable tolling maybe appropriate upon a showing of extraordinary and compelling circumstances. 255 F.3d at 1333. This Court should extend the equitable tolling principles established in *Calderon* and *Miles* to the extraordinary circumstance created by Oregon's two-year statute of limitations.

**Conclusion**

For the forgoing reasons, this Court should consider the merits of Mr. Lee's claims. The statutes do not require the great miscarriage of justice of an innocent man being denied habeas based on a nonjurisdictional statute of limitations. The record demonstrates that Mr. Lee's conviction was obtained based on ineffective assistance of trial counsel who failed to object to inadmissible hearsay evidence, and failed to consult an expert in child abuse cases

where the victim's age made him particularly susceptible to suggestion, and then affirmed based on ineffective appellate counsel, who failed to raised meritorious trial court errors involving Mr. Lee's Sixth Amendment confrontation rights. Moreover, the evidence of guilt, especially of the sodomy charges, was insufficient to sustain a conviction. The Court should deem the petition timely filed and grant relief on the merits.

Respectfully submitted this 29th day of November, 2007.

        /s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

Lynn Deffebach
Research and Writing Attorney
on the brief