**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE,** | **Civ. No. 02-300-CL** |
| **Petitioner,** | **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |
| **vs.** | |
| **ROBERT LAMPERT,** | |
| **Respondent.** | |

The state's notice of *Smith v. Baldwin*, 2007 WL 4485872 (9th Cir. Dec. 26, 2007),

implies that the Court should evaluate the total record under a new standard.  This is not the

case.  Nothing in the *Smith* Opinion alters the *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995),

standard, which was reaffirmed in *House v. Bell*, 126 S.Ct. 2064 (2006).  The test remains

a probabilistic inquiry of whether a reasonable jury following the law would have found guilt

beyond a reasonable doubt based on all of the evidence, including new and inadmissible evidence. As stated in *House*, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do" in light of the total record. 126 S.Ct. at 2078 (quoting *Schlup*, 513 U.S. at 329).

The state's factual analogies to *Smith* are particularly inapt because *Smith* involved a case in which actual innocence of felony murder turned on an affirmative defense, as to which Smith had the burden of proof. Put another way, in *Smith* the threshold issue of guilt as an accessory was a given. Accordingly, the issue became whether Smith established the five-part affirmative defense by a preponderance. The majority of the en banc panel found that Smith did not meet his burden of proof as to each element of the five-part affirmative defense. Critical to establishing the affirmative defense was the testimony of his co-defendant. The *Smith* court did not find that the co-defendant's new statements were credible given his numerous other conflicting statements. *Smith*, 2006 WL 4485872 at *11. None of these issues are present in this case.

The probabilistic inquiry here is whether a theoretical jury would have found by a preponderance that all the evidence fell short of meeting the state's burden of proof to establish guilt beyond a reasonable doubt. The evidence of guilt introduced at trial was scant, resting primarily on a child's confused testimony, and inherently unreliable hearsay. The new evidence that Larry Lee, who better meets the victim's description of his abuser, had access to the victim and had a history of child sex abuse, is not subject to the same credibility infirmities as was the case in *Smith*. The evidence regarding child witnesses and

hearsay testimony is similarly immune from credibility issues.  Based on the total record, it

is likely that reasonable jurors would not have found Mr. Lee guilty beyond a reasonable

doubt.

Respectfully submitted this 18th day of January, 2008.

 /s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

Lynn Deffebach
Research and Writing Attorney
on the brief