**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE,** | **Civ. No. 02-300-CL** |
| **Petitioner,** | **MOTION TO STRIKE AND FOR OTHER RELIEF REGARDING EXHIBIT 138** |
| **vs.** | |
| **ROBERT LAMPERT,** | |
| **Respondent.** | |

The petitioner, through his attorney, Stephen R. Sady, respectfully moves this Court for an order striking Exhibit 138 on the grounds that polygraph evidence is not only inadmissible but the State should be aware that its use in these proceedings is improper based on its litigation position in *Smith v. Baldwin*, 510 F.3d 1127 (9th Cir. 2007) (en banc).

Page 1  MOTION TO STRIKE AND FOR OTHER RELIEF REGARDING EXHIBIT 138

On October 27, 2008, the State submitted its Second Supplemental Exhibits to Answer, which include the affidavit of Deputy District Attorney Reed Dinsmore. He states that the Oregon Department of Justice requested a polygraph result regarding Larry Lee, then Mr. Dinsmore swears that the attached document is a copy of the requested polygraph report. In fact, the attached report is of a polygraph examination of Richard Lee in which the petitioner repeatedly and emphatically denies guilt. However, the report also includes the polygrapher's opinion that the subject is not telling the truth. As the State well knows, submission of this material is inadmissible and improper.

In *Smith*, the State successfully argued that polygraph results, even where the results were a condition of a co-defendant's plea deal, were "inadmissible in Oregon courts" and "do not even qualify as 'evidence' for *Brady* purposes, let alone 'material evidence.'" *Smith*, 510 F.3d at 1148 (citing *Wood v. Bartholomew*, 516 U.S. 1, 6 (1995)); *accord Cooper v. Brown*, 510 F.3d 870, 945 (9th Cir. 2007) ("[A] polygraph test is inadmissible to show that person's veracity"). Regardless of whether the test was directed at Larry or Richard, presentation of the information to this Court was improper.

The disturbing submission of the petitioner's examination in place of Larry's is compounded by the fact that the Oregon Attorney General prevailed in *Smith* by arguing that polygraph information had no materiality. *See Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (noting the failure of the Oregon Department of Justice to recognize "a case of which it was surely aware, as it had been a party to that proceeding only a short time earlier."). In *Whaley*, the Ninth Circuit invoked the equitable remedy of judicial estoppel.

Similarly, the Court can accept the petitioner's emphatic denial of guilt provided by the report, as well as the willingness to take a polygraph, as new evidence of actual innocence, while disregarding the polygrapher's opinion as improper and unreliable.

For the foregoing reasons, the petitioner respectfully requests that the Court strike the polygraph report to the extent it includes an opinion regarding veracity and provide such other equitable relief as the Court deems appropriate.

Respectfully submitted this 28th day of October, 2008.

*/s/ Stephen R. Sady*
Stephen R. Sady
Attorney for Petitioner