HARDY MYERS
Attorney General
JACQUELINE SADKER  #06497
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email: Jacqueline.Sadker@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD R. LEE,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT O. LAMPERT,<br><br>    Respondent. | Case No. 02-300-CL<br><br>MOTION TO EXCLUDE IRRELEVANT WITNESS |

Petitioner has indicated his intent to call an expert in child psychiatry at the evidentiary hearing. (Hearing Memorandum at 6). According to petitioner, Dr. Bruck will testify that the victim's statements are not reliable because his father's questions were suggestive and the investigation was biased. (*Id.*). This testimony should be excluded because it is irrelevant and beyond the scope of an actual innocence evidentiary hearing. *See* Fed. R. Evid. 402.

The evidentiary hearing was requested by petitioner to demonstrate petitioner's actual innocence sufficient to excuse his untimely petition. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Specifically, petitioner asserted that "he would testify regarding the facts that

demonstrate his actual innocence of the various sexual offenses" and that he would "call other witnesses who were present, and present information that calls into question the veracity of the victim." (Docket # 58, Memorandum in Support of Petition for Writ of Habeas Corpus pp. 52-52). The expert petitioner seeks to call was not present at the time and, indeed, has never even met the victim. Her reading of transcript pages from nearly fifteen years ago cannot possibly constitute "information" that undermines the "veracity" of the victim. *See, e.g., Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002) (new evidence demonstrating that an expert trial witness gave false trial testimony that bolstered the credibility of a child sex abuse victim was insufficient to establish actual innocence). This testimony is not new, factual evidence, but vague, generalized assertions regarding the credibility of child victims. At best, such testimony may be useful to demonstrate that petitioner's counsel should have called such an expert at the criminal trial.[1] However, the purpose of this hearing is to demonstrate petitioner's actual innocence to determine whether the merits of the petition may be considered, not to make a case in support of an untimely ineffective assistance claim.

Moreover, an evidentiary hearing is only appropriate if the petitioner presents information that demonstrates, at a minimum, "some degree of due diligence in his initial factual development." *Gandarela v. Johnson*, 286 F.3d 1080, 1088 (9th Cir. 2001); *see also* 28 U.S.C. § 2254(e)(2). Petitioner offers no reason that the testimony of this expert was not presented to any court until now.

Furthermore, this witness would apparently testify, based in part on the victim's father's criminal convictions, that the victim's father was unduly suggestive. (Hearing Memorandum at 6). However, the jury already heard this argument from counsel (Tr. 204-06) (arguing that Daniel Hendricks was not a credible witness because of his criminal convictions and arguing that children are "impressionable" and "their reality is often defined by their parents"). Accordingly,

---

[1] Given that, had the defense called an expert, the prosecution would likely have called an expert to testify to the general reliability of child-victims, it is difficult to assess what, if any, impact petitioner's expert would have had on the jury. Regardless, that question is outside the scope of this evidentiary hearing.

Page 2 -   MOTION TO EXCLUDE IRRELEVANT WITNESS
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700

this cannot constitute new exculpatory evidence. *See Lovelace v. Santos*, 2004 U.S. Dist. LEXIS 13216, 30-31 (D. Or. Apr. 20, 2004) (rejecting an expert report submitted to prove actual innocence because, *inter alia,* "the jury heard and considered the very argument that is re-incarnated in the report of [the expert]. This is not new exculpatory evidence.").[2]

In the context of a federal habeas petition, the court should be reluctant to admit an expert witnesses who, by simply reviewing the trial transcript and police reports, will testify that the victim was not reliable. Such testimony attempts to replace the jury's credibility determination with the opinion of a paid expert who, unlike the jurors, has never even seen the victim. The purpose of an actual innocence hearing is to ascertain factual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). This witness cannot provide any testimony relevant to factual innocence and should thus be excluded.

DATED this 28th day of October, 2008.

                                                  Respectfully submitted,

                                                  HARDY MYERS
                                                  Attorney General

                                                  JACQUELINE SADKER #06497
                                                  Assistant Attorney General
                                                  Trial Attorney
                                                  Tel (503) 947-4700
                                                  Fax (503) 947-4794
                                                  Jacqueline.Sadker@doj.state.or.us
                                                  Of Attorneys for Respondent

---

[2] It is worth noting that expert opinion that bolsters or attacks the credibility of trial witness is generally inadmissible. *See United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) (expert testimony on credibility of particular witnesses was improperly admitted because credibility is an area inappropriate for expert assistance); *United States v. Bernard*, 625 F.2d 854, 860 (9th Cir. 1980) (refusal to admit testimony by psychologist of hypothetical impairment of witness's memory and perception based on drug usage was not abuse of discretion); *United States v. Barnard*, 490 F.2d 907, 912-13 (9th Cir. 1973) (proper to exclude testimony by psychiatrist and psychologist as to witness's credibility based on review of witness's psychiatric record and observation of witness in court because credibility is determination for the jury). Although the rules of admissibility are relaxed in an actual innocence claim, the rationale behind these decisions is instructive.

## CERTIFICATE OF SERVICE

I certify that on October 28, 2008, I served the foregoing MOTION TO EXCLUDE IRRELEVANT WITNESS upon the parties hereto by the method indicated below, and addressed to the following:

Kristina S. Hellman  
Fed Public Defender's Office  
101 SW Main St Ste 1700  
Portland OR  97204

___ HAND DELIVERY  
___ MAIL DELIVERY  
___ OVERNIGHT MAIL  
___ TELECOPY (FAX)  
___ E-MAIL  
_X_ E-FILE

JACQUELINE SADKER #06497  
Assistant Attorney General  
Trial Attorney  
Tel (503) 947-4700  
Fax (503) 947-4794  
Jacqueline.Sadker@doj.state.or.us  
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE  
JS/gcz/JUSTICE-#677181-v1-Sopher_6322_Cert   Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096  
(503) 947-4700 / Fax: (503) 947-4794