**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD LEE,** | Civ. No. 02-300-CL |
| Petitioner, | **RESPONSE TO MOTION TO EXCLUDE WITNESS** |
| vs. | |
| **ROBERT LAMPERT,** | |
| Respondent. | |

  The petitioner, through his attorney, Stephen R. Sady, respectfully opposes the motion to exclude the expert testimony of Dr. Maggie Bruck.  Contrary to the State's motion – which improperly and conclusorily labels the witness "irrelevant" in the caption – Dr. Bruck is providing precisely the type of information appropriate for this Court's consideration.  In her declaration, Dr. Bruck limits her testimony to the reliability of evidence:

**Page 1 RESPONSE TO MOTION TO EXCLUDE WITNESS**

> Reliability refers to the trustworthiness of the evidence, not to the honesty or credibility of a witness. Statements or reports can be unreliable due to normal processes of forgetting, of distortion, and of reconstruction. Statements can also be rendered unreliable if they are elicited in certain suggestive contexts. Thus, this report mainly focuses on factors that enhance or degrade the quality of children's and adults' reports. Although this report does not assess the credibility (believability) of the child's statements of abuse, information concerning the reliability of the reports is crucial for the court and non-experts to draw conclusions about the credibility of the child's allegations.

Bruck Decl. at 2. As discussed in the Memorandum in Support, expert testimony in child sex abuse cases on the issues of suggestibility is particularly necessary because interrogation techniques can create a significant risk of distorting the child's recollection. CR 58 at 33-34 (citing multiple cases supporting use of experts regarding reliability in child sex abuse cases).

The relevance of expert witnesses fully applies to the *Schlup* gateway question. The State's citations to *Sistrunk v. Armenakis*, 292 F.3d 669 (9th Cir. 2002), and *Gandarela v. Johnson* 286 F.3d 1080 (9th Cir. 2002), are not to the contrary. Both cases reaffirm the holding of *Carriger v. Stewart*, 132 F.3d 463, 478-79(9th Cir.1997) (en banc): "where post-conviction evidence casts doubt on the conviction *by undercutting the reliability of the proof of guilt*, but not by affirmatively proving innocence, that can be enough to pass through the *Schlup* gateway to allow consideration of otherwise barred claims" *Sistrunk*, 292 F.3d at 673; *Gandarela*, 286 at 1086. The testimony of Dr. Bruck satisfies this standard.

*Sistrunk* and *Gandarela* are also factually distinguishable. They involved corroborating medical evidence, prompt report, and third party witnesses. The present case involves no such corroboration. Further, the evidence undercutting reliability is much stronger in the present case. The State's reliance on *Sistrunk* is especially ironic because, in

that case, the State defended its use of an expert to vouch for the credibility of the child. Here, Dr. Bruck is providing scientific evidence regarding reliability.[1]

The Ninth Circuit encourages expert testimony on abuse issues and the susceptibility of children to suggestion. Dr. Bruck's testimony is precisely the type of testimony approved of in *Carriger*, because it challenges the reliability of the trial evidence. The State incorrectly claims that the testimony consists of "generalized assertions." On the contrary, Dr. Bruck sets out scientific principles established through testing, then applies those principles to the specifics of this case. These principles go to the heart of the unreliability of the claims against the petitioner. For example, Officer Fowler testifies that standard operating procedures "discouraged" videotaping of interviews, although expert testimony provides the reasoning for a strong preference for videotaping of interviews; while the officer testified at length regarding the use of anatomical dolls as an appropriate tool, the scientific evidence is that anatomical dolls are not appropriate where the child had been previously abused; the officer testified to questioning regarding both individuals, with no indication of the scientific basis for unreliability from such a practice. Dr. Bruck applied scientific findings in her declaration regarding the reliability of the government's case.

The State fundamentally misapprehends the import and appropriateness of Dr. Bruck's testimony. The evidence challenges the reliability of the evidence relied on to convict Mr. Lee. Dr. Bruck carefully examined the statements and the presence of tainting factors,

---

[1] This also distinguishes the cases cited by the State in footnote 2 that address vouching or did not involve reliability.

**Page 3   RESPONSE TO MOTION TO EXCLUDE WITNESS**

concluding that the jury was not presented with reliable evidence. "[U]nder the gateway standard . . ., the newly presented evidence may indeed call into question the credibility of the witnesses presented at trial." *Schulp v. Delo*, 513 U.S. 298, 330 (1995). The newly presented evidence does so here.

Respectfully submitted this 29th day of October, 2008.

*/s/ Stephen R. Sady*
Stephen R. Sady
Attorney for Petitioner