**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR 97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**


# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON


**RICHARD LEE,**                              **Civ. No. 02-300-CL**

           **Petitioner,**

    **vs.**                              **REPLY**

**ROBERT LAMPERT,**

           **Respondent.**

_____

## Introduction

In the previous briefing, the petitioner demonstrated that the trial and appeal of this case were infected with multiple levels of prejudicial errors. The State's reply assumes that Mr. Lee had a thorough and full opportunity to cross-examine Matthew regarding both the circumstances of the abuse by Robert Nachand and about the substance of the hearsay

offered by Officer Fowler. There is nothing in the record to support the State's premise. Nor does the record support the State's contention that there was sufficient evidence of sodomy because Matthew pointed to some pictures. To the contrary, the only evidence sodomy was offered through inadmissible and unreliable hearsay through Officer Fowler, and then through Dan Hendricks. The State also fails to effectively rebut the evidence provided by Dr. Bruck in her declaration and at the hearing held on October 30, 2008. Instead, the State raises peripheral challenges to Dr. Bruck's declaration, speculates as to what a State's expert would have testified to, and once again asks the Court for time. The Court should reject the State's arguments and grant the writ.

> **A.      The Exclusion Of Evidence Of The Abuse By Nachand Violated Mr. Lee's Confrontation And Due Process Rights.**

As discussed in the Memorandum in Support and Supplemental Memorandum, Mr. Lee's confrontation and due process rights were violated when he was denied a full and fair opportunity to cross-examine Matthew regarding the abuse by Robert Nachand and denied the right to fully present his defense. Memo in Support at 38-47; Supp. Memo at 10-16 . The State posits that the Nachand evidence was properly excluded under Oregon Evidence Rule 412 because there was no probative value for the defense to question Matthew about the abuse by Nachand that would have outweighed the victim's interest in not having the fact that he had been abused by another "used against him." Resp. at 16. Not only is this the incorrect test in determining the admissibility under the rape shield laws, the argument ignores the centrality of the Nachand evidence to the defense.

Page 2   REPLY

Under *Michigan v. Lucas*, 500 U.S. 145, 152 (1991), relevant evidence may be excluded under the rape shield laws if the victim's interests against surprise, harassment, or unnecessary invasion of privacy into their prior sexual history outweighs the defendant's interest in having the evidence admitted. But *Lucas* also cautioned that the rape-shield laws should not deprive a defendant of effective cross-examination if the probative value of the evidence outweighs the witness's interest in privacy. 500 U.S. at 150; *see also Davis v. Alaska*, 415 U.S. 308, 319 (1974) (holding that juvenile privacy was outweighed by the need for cross-examination).

The State asserts that the OEC 412 ruling was correct because Matthew had an interest in not having the abuse by Nachand "used against him." Resp. at 16. Although the evidence of the abuse by Nachand was critical to the defense mistaken identity theory, and would have challenged the reliability of Matthew's testimony, the cross-examination was not intended to needlessly expose Matthew's intimate sexual history or to harass him. It was directly relevant to his defense.

The State is also incorrect in asserting that OEC 412 evidence is only admissible where the witness's bias or improper motive is at issue, and that the caselaw did not support admission with respect to faulty memory. Resp. at 15. First, as the Ninth Circuit noted in *LaJoie v. Thompson*, the defendant's interest in presenting probative evidence – including exculpatory evidence that there was other abuse – outweighs a witness's interest in privacy. 217 F.3d 663, 676 (2000); *see also Franklin v. Henry*, 122 F.3d 1270, 1273 (9th Cir. 1997). Second, *Latzer v. Abrams*, 602 F.Supp. 1314 1319 (C.D.N.Y. 1985), relied on by the State

and the trial court, extended the *Davis* right to confrontation to situations involving misidentification.

The State also argues that, even if it was error to exclude the evidence of the abuse by Nachand, it was harmless for two separate reasons. First, the State argues that, despite the 412 ruling, Mr. Lee was fully able to cross-examine the victim regarding Nachand. Resp. at 16. The record simply does not support this position. In fact, the questioning was limited to "did Robert do this to you." The defense was not allowed to question Matthew regarding the details of the abuse, the details of the revelations of the abuse, the circumstances under which the abuse occurred, nor was he able to question Matthew regarding the fact that Nachand was always present in the apartment and that he was frequently left alone with Nachand.

Moreover, the limited questioning about Nachand was made in a complete vacuum. The jury was not informed at that time that there had been another abuser: The Robert/Richard confusion was not explained and was especially prejudicial where the defendant's name is Richard Robert Lee. There was no ability to question the child that Robert was another person who had actually abused him during the same time period that Mr. Lee is alleged to have abused him. Nor was the timing established to show that Nachand committed acts that were erroneously being attributed to the petitioner.

The State's second harmless error argument is similarly unavailing. The State argues that the error was harmless because the abuse by Nachand was eventually presented to the jury for consideration. The flaw with this argument is that none of the details of the abuse

by Nachand were presented to the jury.  The fact of conviction without the corroborating details is insufficient to overcome the prejudice by the exclusion.  *LaJoie*, 217 F.3d at 673. The argument also denigrates the importance of opening statement, cross-examination of the purported victim, and trial preparation by obtaining an expert.

The State's harmless error analysis also infects its discussion of the ineffective assistance of appellate counsel for failure to raise the issue on appeal.  Again, the State does not address the problems with the 412 ruling, does not analyze balancing of interests, or whether or not Rule 412 should have been invoked at all in the context of a five year old victim of prior abuse.  Although appellate counsel should winnow out frivolous claims, *Jones v. Barnes*, 463 U.S. 745, 754 (1983), counsel cannot abandon the defendant, as occurred here.  It is one thing to hold as in *Barnes*, that appellate counsel needed not raise every colorable claim the defendant wants raised.  That principle has nothing to do with the present case, where appellate counsel abandoned the defendant by failing to raise a single issue, even where trial counsel urged that the specific issue be raised.

### B.    The Admission Of Hearsay Beyond The Scope Of Matthew's Direct Testimony Violated Mr. Lee's Confrontation Rights.

The Sixth Amendment's Confrontation Clause prohibits the introduction of hearsay statements unless the declarant is available for full and fair cross-examination to probe and expose infirmities in the hearsay statement, or, if the declarant is unavailable, a determination of particularized trustworthiness.  *Idaho v. Wright*, 497 U.S. 805, 827 (1990).  Neither predicate occurred here because, when the prosecutor excused Matthew before asking him

questions regarding the substance of the hearsay statement – the sodomy allegations – he became unavailable.  At that time, the hearsay was subject to the safeguards established in *Wright* and codified in OEC 803 (18a)(b).  Counsel for Mr. Lee was ineffective for failing to object to the admission of the hearsay or insist on an in-chambers determination of its reliability.  Had trial counsel consulted an expert, such as Dr. Bruck, that information would have informed the trial court's decision and would likely have resulted in a finding of unreliability.  The State does not address whether the hearsay statement would have been deemed sufficiently reliable under *Wright* to allow their admission.  However, as Dr. Bruck testified, the statements made to Officer Fowler, Dan Hendricks, and Cheryl Lee lacked the most basic safeguards of reliability.

According to the State, the hearsay was admissible because Matthew was subject to full cross-examination, and, therefore, trial counsel had no basis to object.  Resp. at 29-30.  Again, Matthew was not subjected to full cross-examination.  In fact, the State asserts that, because "petitioner was allowed to cross the victim 'as to whether this defendant did these acts or whether it was someone else or no one else'" (Resp. at 31), Matthew was subject to full cross-examination.  Not only does this question not pertain to the sodomy allegations, the limited opening can hardly be described as a full and probing cross.

Nor was it trial strategy to forgo cross-examination on issues that exceeded, and in fact were contradicted by, Matthew's testimony.  The State incorrectly argues that *Lowery v. Collins*, 996 F.2d 770, 772 (5th Cir. 1993), supports the proposition that the Sixth Amendment is satisfied when the prosecution calls the witness first, and then the defendant,

for tactical reasons, forgoes cross-examinations.  Resp. at 30.  To the contrary, *Lowery* expressly noted that the defendant may not be placed in a "Catch-22 position" of choosing between his Sixth Amendment rights to confrontation and his Fifth and Fourteenth Amendment right to require the State to bear the burden of proof.  996 F.2d at 772.  Accordingly, when Matthew was excused, he because unavailable for cross-examination for the purpose of hearsay.

### C.    There Was Insufficient Reliable Evidence To Support The Conviction.

The State does not suggest that Matthew testified that Mr. Lee ever sodomized him.  Instead, the State argues that the "victim confirmed, through the pictures, that he was sodomized by petitioner."  Resp. at 33.  First, the Matthew was never questioned about sodomy by the prosecutor, so any vague reference to the pictures is insufficient.  Moreover, the questioning about the pictures involved both Robert and Richard.  Thus, the hearsay was not merely corroboration of the trial testimony as the State contends, it constituted the sole evidence of the most serious charges against Mr. Lee.  As this Court noted during the October 30, 2008, hearing, Matthew denied any sodomy, and there is no indication that Matthew told Cheryll anything other than touching through clothing occurred.  Tr. at 44-46.  Under the sufficiency standard of *Jackson v. Virginia*, 443 U.S. 307, 309 (1979), the petitioner is entitled to relief.

**D.     The State Has Not Offered Any Evidence To Rebut Dr. Bruck's Testimony.**

The State's primary objection to Dr. Bruck's declaration is that it should only be considered in the actual innocence inquiry.  To the contrary, the Bruck declaration was submitted in support of the merits of Mr. Lee's claims, as well as the actual innocence inquiry.  In his Memorandum in Support, Mr. Lee submitted three papers as a proffer of what an expert would have testified had trial counsel not been ineffective in failing to call a child abuse expert.  Memo in Support at 35-37; Ex. W - Y.  Dr. Bruck's declaration expands on that proffer with an assessment of testimony that a child abuse expert could have offered based on this particular record.  Although Dr. Bruck's statements and conclusion that "the jury was not presented with any reliable evidence to make a decision" are relevant to the *Schlup* inquiry, they are equally relevant to the merits of Mr. Lee's claims because an expert hired by the defense, listening to the trial evidence and reviewing the police reports, could have presented the type of testimony Dr. Bruck presented in her declaration.

Second, the State asks the Court to disregard Dr. Bruck's statements because they would have been subject to impeachment, and the jury would have discredited them.  However, the examples of how Dr. Bruck's testimony could be attacked do not lead to the State's speculation that the jury would discredit Dr. Bruck's expert opinion.  The State's speculation as to a medical doctor's testimony that "real life" disclosures are not unreliable misses the point.  In fact, Dr. Bruck states that "real life" disclosures, such as the revelation of the abuse by Nachand, are more reliable than the disclosures in this case.  The State's

objection to Dr. Bruck's assessment of the use of dolls in the interview of Matthew is also misplaced. Dr. Bruck did not state that dolls are never appropriate; rather, she stated that the use of dolls by Officer Fowler, combined with the other circumstances of the interview, could lead to highly unreliable information, as the State's article confirms by referring to the problems of using dolls with children who have previously been abused. Resp. Ex. 144 at 5 ("[M]ost studies find that children thought to have been sexually abused are significantly more likely to engage in sexualized behavior with anatomical dolls than comparison children").

Finally, the Court should reject the State's request that it be given additional time to rebut Dr. Bruck's testimony. The State has been on notice for more than a year that Mr. Lee relied on child abuse experts in support of his ineffective assistance of counsel claims. The material submitted in support of his petition was then supplemented with Dr. Bruck's declaration, which was provided with the hearing memo, followed by her testimony. Habeas relief should be granted without delay.

**Conclusion**

In his briefing on the merits, Mr. Lee established that his conviction was obtained on insufficient evidence and multiple constitutional error. The State's response does not undermine those argument, primarily because it relies on the assumption that the victim was available for full and probing cross-examination – an assumption unsupported by the record. For the foregoing reasons, and those previously briefed, the Court should grant the petition.

Respectfully submitted this 2nd day of December, 2008.

*/s/ Stephen R. Sady*
Stephen R. Sady
Attorney for Petitioner

On the brief:

Lynn Deffebach
Research and Writing Attorney