HARDY MYERS
Attorney General
JACQUELINE SADKER #06497
Assistant Attorney General
SUMMER R. GLEASON #921127
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Jacqueline.Sadker@doj.state.or.us
        Summer.R.Gleason@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD R. LEE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT O. LAMPERT,<br><br>　　　　Respondent. | Case No. 02-300-CL<br><br>SUR-REPLY TO PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS |

Respondent submits the following sur-reply in response to petitioner's reply:

**A.  Petitioner Fails To Establish (Or Even Assert) That The Denial Of the OEC 412 Motion Was An Unreasonable Application of Clearly Established United States Supreme Court Precedent.**

Petitioner has now submitted three separate memoranda addressing the denial of the OEC 412 motion without addressing the proper standard of review, which is whether the trial court's denial of the motion was an unreasonable application of clearly established Supreme Court precedent under 28 U.S.C. §2254. *See* Respondent's Response to Petitioner's Supplemental

Memorandum of Law in Support of Petition for Habeas Corpus ("Response") 11-16. Due to this failure, he mischaracterizes respondent's argument, which is that the trial court's denial of the motion was not an unreasonable application of clearly-established Supreme Court precedent. *Id.* Respondent submits that the carefully-reasoned decision of trial court should be given deference and relief on this claim should be denied under 28 U.S.C. § 2254.

Petitioner also asserts that he was prejudiced by the denial of the 412 motion. He argues that the result of the proceeding would have been different had trial counsel undergone a detailed cross-examined of the five-year-old victim concerning Nachand's abuse. (Reply 4). Petitioner fails to consider that there is no evidence that trial counsel would have undergone such a cross-examination had it been allowed. In the offer of proof, trial counsel stated that it was his intention to introduce evidence of Nachand's abuse though the officers, not the victim. (Resp. Ex. 124, 3). Experienced trial counsel would not have persisted in eliciting testimony regarding the abuse from the victim (who, under the pressures of examination, might have failed to recall Nachand's abuse, or incorrectly recalled it) when the same testimony was easily elicited from the detectives investigating both cases. Thus, petitioner cannot prove prejudice if no reasonable trial counsel would have done what petitioner now suggests.

Furthermore, petitioner incorrectly asserts that "none of the details of the abuse were presented to the jury." (Reply 4). It is unclear what additional details petitioner thinks would have helped his case. The jury knew that the victim was abused and sodomized by another person. It knew that this abuse occurred during the same time period and in the same location. Conducting a mini-trial of Nachand within the trial court proceeding would not have assisted petitioner's defense. The jury knew of the abuse by Nachand and still chose to believe the child victim.

**B.    The Requirements of the Confrontation Clause Were Satisfied When the Victim Testified and Was Subject to Cross.**

Petitioner argues that a witness can be partially unavailable (in this case, unavailable in regard to the sodomy allegations) if the witness testified a certain way on direct examination.

There is no caselaw that supports petitioner's proposition. The victim testified and was subject to cross, which satisfies the requirements of the Confrontation Clause. Trial counsel therefore had no basis to object to the introduction of the hearsay statements when the victim had already undergone cross-examination.

Moreover, petitioner incorrectly asserts that there was no opportunity to cross-examine the victim regarding the sodomy. Petitioner was allowed to cross-examine the victim regarding who committed the acts the victim described. (Resp. Ex. 116, Tr. 87-88). Although the victim did not state that he was sodomized, he indicated this through pictures. Trial counsel chose to forgo cross-examination as to who sodomized petitioner, which was sound trial strategy due to the fact that the victim did not expressly state that he was sodomized. *See Lowery v. Collins*, 996 F.2d 770, 772 (5th Cir. 1993) (denial of pet. for rehearing) ("the Sixth Amendment is complied with when the prosecution calls the witness first, and then the defendant, for tactical or other reasons, voluntarily limits or chooses to forego cross-examination.").[1] Instead, trial counsel focused on whether petitioner's pants were off, which was clearly relevant to the sodomy charge. He then utilized the victim's failure to state that he was sodomized in closing. (Resp. Ex. 117, Tr. 206-07). Thus, counsel's performance in this regard was not deficient.

### C.    There Was Sufficient Evidence To Convict.

Petitioner fails to explain how the hearsay statements of the officers, combined with the victim's affirmation of conduct depicted in the pictures, is insufficient evidence.[2] He characterizes the victim's affirmation that he was sodomized as "pointing to some pictures" even thought the victim is clearly describing how he was sodomized. The victim clearly stated that it

---

[1] Petitioner has also asserted that respondent "incorrectly argues that *Lowrey*. . . supports the proposition that the Sixth Amendment is complied with when the prosecution calls the witness first, and then the defendant, for tactical or other reasons, voluntarily limits or chooses to forego cross-examination." (Reply at 6). This was not so much respondent's argument as it was a direct quote from *Lowery v. Collins*, 996 F.2d 770, 772 (5th Cir. 1993) (denial of pet. for rehearing), which petitioner had previously relied upon. This court should not accept petitioner's argument that the Fifth Circuit misapplied the Confrontation Clause in *Lowery*.
[2] In Oregon, juries are instructed that "Generally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute." UCr.JI No. 1004.

was Richard in the pictures, and that they depict what Richard was doing to him. (Resp. Ex. 116, Tr. 81). Although the five-year-old victim would not tell the prosecutor what was happening in the pictures, Detective Fowler clearly identified the pictures as depicting the two counts of sodomy. (*Id.* at 117). Based on this evidence, it is clear that any rational trier of fact could have found petitioner guilty beyond a reasonable doubt.

### D. Petitioner Has Failed To Demonstrate Why This Court Should Consider the Testimony Of Dr. Bruck.

Petitioner has failed to address why the requirements of 28 U.S.C. § 2254(e)(2) do not apply to him. He merely asserts that Dr. Bruck's testimony is relevant to both actual innocence and the merits of his claim. Although petitioner is correct that this testimony would be relevant (though unpersuasive) in regard to the merits of his claims, he cannot escape the fact that he failed to introduce it in the state court proceedings. He deprived the Oregon State courts of the opportunity to consider this evidence and now asks this court to overturn his conviction based on evidence never presented to the Oregon State courts. This court should not consider the testimony of Dr. Bruck.

### E. Conclusion.

For the reasons stated above and in respondent's previously filed answer and response to habeas petition, petitioner is not entitled to an evidentiary hearing and his habeas petition should be dismissed.

DATED this 5th day of December, 2008.

Respectfully submitted,

HARDY MYERS
Attorney General

JACQUELINE SADKER #06497
Assistant Attorney General
Tel (503) 947-4700
Fax (503) 947-4794
Jacqueline.Sadker@doj.state.or.us
Of Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that on December 5, 2008, I served the foregoing SUR-REPLY TO PETITIONER'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR HABEAS CORPUS upon the parties hereto by the method indicated below, and addressed to the following:

Stephen R. Sady  
Assistant Federal Public Defender  
101 SW Main Street, Suite 1700  
Portland, OR 97204

___ HAND DELIVERY  
___ MAIL DELIVERY  
___ OVERNIGHT MAIL  
___ TELECOPY (FAX)  
___ E-MAIL  
_X_ E-FILE

JACQUELINE SADKER #06497  
Assistant Attorney General  
SUMMER R. GLEASON #921127  
Senior Assistant Attorney General  
Trial Attorneys  
Tel (503) 947-4700  
Fax (503) 947-4794  
Jacqueline.Sadker@doj.state.or.us  
Summer.R.Gleason@doj.state.or.us  
Of Attorneys for Respondent

Page 1 -   CERTIFICATE OF SERVICE  
JS/gcz/837943

Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096  
(503) 947-4700