JOHN R. KROGER
Attorney General
JACQUELINE SADKER  #064972
SUMMER R. GLEASON  #921127
ANDREW HALLMAN  #083480
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Jacqueline.Sadker@doj.state.or.us
          Summer.R.Gleason@doj.state.or.us
          Andrew.Hallman@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD LEE, | Case No. CV 02-300-CL |
| Petitioner, | RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT PENDING APPEAL |
| v. | |
| ROBERT LAMPERT, | |
| Respondent. | |

## I.    INTRODUCTION

Respondent respectfully requests that this Court stay the Order dated March 24, 2009, which conditionally granted petitioner's writ of habeas corpus and ordered the state to retry petitioner or release him by July 22, 2009.  Respondent intends to file a notice of appeal and will ask that this Court's order releasing petitioner from custody be reversed and that petitioner's

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

judgment of conviction and sentence remain in full force and effect. A stay should be granted

pending appellate review because: (1) there is a strong likelihood that the state will succeed on

appeal; (2) it is in the public's interest that petitioner remains on supervision pending an appeal;

and (3) a stay will not substantially injure petitioner because he is no longer incarcerated.

## II.    BACKGROUND

Petitioner was released from the physical custody of the Oregon Department of

Corrections (ODOC) on March 18, 2009. (Aff. of Henderson, Att. 1).[1] He is currently on post-

prison supervision and, pursuant to the recently-vacated judgment of conviction and sentence, is

to remain on post-prison supervision until January 14, 2020. *Id.* Petitioner is subject to

numerous conditions of release, including registration as a sex offender and Global Positioning

System (GPS) monitoring. (*Id.*, Att. 2-3). He is also receiving or has received mental health

treatment and financial assistance through his Supervising Agency, Linn County Community

Corrections. *Id.*

On March 24, 2009, this Court entered an order conditionally granting petitioner's writ of

habeas corpus. The order vacated the convictions entered against petitioner on June 29, 1995, in

Linn County, Oregon. This Court further ordered that

> [w]ithin 120 days following the entry of judgment, excepting such delays as are
> otherwise excludable under any applicable speedy trial laws, the State of Oregon
> must retry [petitioner] or release him from custody. Whether Lee remains in
> custody pending a retrial shall be determined by Oregon courts in accordance with
> the laws of that state.

---

[1] Petitioner's release from prison does not moot this case because he is subject to post-prison
supervision and is required to register as a sex offender. *See De Kaplany v. Enomoto*, 540 F.2d
975, 976 (9th Cir. 1976) ("Petitioner's status of a parolee, though doubtless preferable to that of
prisoner, still subjects petitioner to a host of regulations and uncertainties for the term of his
parole, including the ever present threat that his parole may be revoked."); *Wood v. Hall*, 130
F.3d 373, 376 (9th Cir. 1997) ("A petition for habeas corpus is not moot if adverse collateral
consequences continue to flow from the underlying conviction.")

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

(Opinion and Order, March 24, 2009, 48-49). Respondent intends to appeal the decision of this Court to the Ninth Circuit Court of Appeals. Respondent now requests that this order be stayed pending appeal.

## III.    ARGUMENT

Respondent requests that this Court grant a stay pursuant to Federal Rule of Civil Procedure 62 so that petitioner will remain in custody while the Ninth Circuit considers respondent's appeal of this Court's grant of the writ of habeas corpus. Federal Rule of Appellate Procedure 23(c) provides that while a decision ordering the release of a prisoner is under appellate review, the prisoner shall be released from custody unless the judge rendering the decision, the Court of Appeals, the Supreme Court, or a judge or Justice of either court "otherwise orders." *Stein v. Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997) (the district court retains concurrent jurisdiction over the custody of a habeas petitioner while the case is on appeal). Rule 23 therefore creates a presumption that a state prisoner should be released from custody pending appellant review of a habeas writ. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).

This presumption of correctness can be—and often is—overcome. This Court has broad discretion in determining whether the judgment granting habeas relief should be stayed pending appeal. *Id.* at 775. In exercising this discretion in habeas proceedings, courts are guided by the traditional standards governing stays of civil judgments. *Id.* at 774. These factors are: (1) whether the state has made a strong showing of a likelihood of success on appeal; (2) whether the state will be irreparably harmed absent a stay; (3) whether the issuance of a stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 776-77. Once the state establishes "a strong likelihood of success on appeal, or where, failing that, in can nonetheless demonstrate a substantial case on the merits," continued custody is permitted if the second and fourth factors militate against release. *Id.* at 778.[2]

---

[2] It is unclear whether "a substantial case on the merits" refers to the state's position on appeal or the strength of the state's case on prospective retrial. The Ninth Circuit has assumed without

Page 3 -    RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT
             PENDING APPEAL
             AH/ah1/1349980

In *Hilton*, the Supreme Court noted that "[s]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Id.* at 777. Accordingly, the Court considered other factors, including the flight risk of the prisoner and the danger to the public. *Id.* The Court also considered the state's interest in continuing custody and rehabilitation, noting that the state's interest is "strongest when the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.*

Finally, the Court noted that while the interest of the habeas petitioner in release pending appeal is "always substantial," *id.* at 777, the petitioner

> is in considerably less favorable position than a pretrial arrestee . . . to challenge his continued detention pending appeal. Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the state. Although the decision of the district court granting habeas relief will have held that the judgment of conviction is constitutionally infirm, that determination itself may be overturned on appeal before the state must retry the petitioner.

*Id.* at 779. Accordingly, courts can consider "the dangerousness of a habeas petitioner as part of its decision whether to release the petitioner pending appeal." *Id.*

### A.    Respondent has demonstrated a strong likelihood of success on appeal or, at the very least, a substantial case on the merits.

Respondent intends to raise numerous assignments of error on appeal. These assignments of error include, but are not limited to, this Court's: (1) application of the actual innocence exception to excuse an untimely petition; (2) abuse of discretion in holding an evidentiary hearing, not allowing the state to introduce evidence of the victim and not allowing cross examination of petitioner's expert; (3) misapplication of the *Schlup* standard to the facts of this case in determining that petitioner was actually innocent; (4) failure to apply deference to the state-court findings and consideration of the evidence not presented to the state courts despite the

---

discussion that this phrase to refers the appeal. *Moore v. Calderon,* 56 F.3d 39, 40 n. 1 (9th Cir. 1995), *affirmed by Calderon v. Moore,* 519 U.S. 1144 (1997*).* Respondent will therefore only address the state's position on appeal.

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

requirements of Anti-terrorism and Effective Death Penalty Act (AEDPA); and (5) finding that petitioner was denied effective assistance of counsel. For each of these claims, petitioner has a strong likelihood of success on appeal or, failing that, a substantial case on the merits. Respondent will briefly discuss these issues as they pertain to the stay, referencing previously-submitted briefing for a discussion of issues resolved by this Court's order.

      1.    The actual innocence exception cannot excuse an untimely petition.

This Court found that "Magistrate Judge Clarke correctly concluded a showing of actual innocence tolls the limitation period and establishes a gateway which [petitioner] may gain review of the merits." (Opinion and Order, 24). Judge Clarke's analysis relied on Judge Aiken's conclusions in *O'Neal v. Lampert*, 199 F.Supp. 2d 1064, 1066-1-67 (Or. 2002), in which she noted that other judges in the District of Oregon had concluded that the actual innocence exception would *not* excuse an untimely petition. *Id.* at 1066.

The Ninth Circuit has never held that the actual innocence exception can excuse an untimely petition. *See Majoy v. Roe*, 296 F.3d 770, 777 (9th Cir. 2002) (declining to resolve whether actual innocence can excuse an untimely petition); *Johnson v. Knowles*, 541 F.3d 933, 935 (9th Cir. 2008) (assuming without deciding that the actual innocence exception could excuse an untimely petition); *Adams v. Harrison*, 266 Fed. Appx. 560, 561 (9th Cir. 2008) (referring to this issue as an "open question"). Because petitioner's entire argument is premised on the assumption that the actual innocence exception can excuse his untimely petition, a finding that actual innocence is not sufficient to excuse an untimely petition would result in denial of relief.

      2.    This Court abused its discretion by holding an evidentiary hearing, refusing to allow respondent to cross-examine witness as the evidentiary hearing, and refusing to allow respondent to present the victim's testimony.

Magistrate Judge Clarke determined petitioner had failed to establish that he was entitled to an evidentiary hearing pursuant to 28 U.S.C. 2254(e)(2). (Findings and Recommendations, 12-13). On July 30, 2008, this Court scheduled an evidentiary hearing despite the prior

Page 5 -   RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT
             PENDING APPEAL
             AH/ah1/1349980

objections of respondent and Judge's Clarke's findings. (Docket #80). At the evidentiary

hearing, the only witness called by either party was Dr. Maggie Bruck, petitioner's expert.

During respondent's cross-examination of Dr. Bruck, this Court *sua sponte* prevented respondent

from making certain inquires of Dr. Bruck five times. (Tr. 11, 15, 17, 21, 25). Finally, when

respondent proposed to offer testimony of the victim to rebut petitioner's claims of actual

innocence, this Court stated that "it would put no emphasis on an affidavit of the victim" and

refused to allow the testimony. (Tr. 50). This Court later found that this testimony would not be

reliable because "it would be difficult to determine whether [the victim] accurately recalled the

event" and there "is no forensic evidence to collaborate [it]." (Opinion and Order, 32 n. 6).

As Judge Clarke correctly found, petitioner was not entitled to an evidentiary hearing.

Conducting an evidentiary hearing notwithstanding the requirements of Section 2254(e)(2)

constitutes reversible error. Even if petitioner was entitled to an evidentiary hearing, respondent

was entitled to cross-examine the only witness in the proceeding. Finally, this Court's failure to

consider the testimony of the victim, along with its credibility finding based on evidence not in

the record,[3] was without basis. Respondent has a strong likelihood of success in arguing that

these rulings were an abuse of discretion, which at the very least would entitle respondent to a

remand so that this Court could fully asses all the evidence pertaining to actual innocence.

3.    This Court misapplied the *Schlup* standard to find that petitioner was
      actually innocent.

This Court found that petitioner was "actually innocent" based on new, reliable evidence.

(Opinion and Order, 26-37). This was contrary to Judge Clarke's finding that "petitioner fail[ed]

to demonstrate that no reasonable juror would have convicted him."

Respondent has strong likelihood of succeeding merits on the actual innocence claim,

regardless of its questionable application to untimely petitions and the Court's limitation of

---

[3] There was no evidence in the record that would support this Court's findings regarding
Matthew's present inability to accurately recall the abuse, as opposed to his ability at the time of
trial, which was the focus of Dr. Bruck's testimony.

Page 6 -    RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT
            PENDING APPEAL
            AH/ah1/1349980

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

respondent's ability to present evidence. The *Schlup v. Delo*, 513 U.S. 298 (1995), standard for determining actual innocence is designed to "ensure[] that petitioner's case is truly extraordinary." *House v. Bell*, 547 U.S. 518, 537 (2006). To show actual innocence sufficient to overcome a procedural default, a petitioner must furnish "new reliable evidence . . . that was not presented at trial." *Id.* (quoting *Schlup*, 513 U.S. at 324). However, "[g]iven the rarity of such evidence, *in virtually every case*, the allegation of actual innocence has been summarily rejected." *Calderon*, 523 U.S. at 559 (emphasis added, internal quotations and citations omitted). Because the threshold for demonstrating actual innocence is extraordinarily high, and because Judge Clarke previously found that petitioner was not actually innocent, respondent has a strong likelihood of success on appeal.

4.    This Court failed to apply deference to the Oregon State Court decisions and considered that could have been presented in the state proceedings.

After finding that petitioner had demonstrated actual innocence, this Court proceeded to the merits of petitioner's claims. This Court noted that "it would be illogical . . . to refuse to consider the entire record" because petitioner was actually innocent. (Opinion and Order, 38). This Court also indicated that usual standards of deference do not apply when *Schlup*-type evidence is present. *Id.* Finally, this Court noted that some of the lower court rulings were contrary to, or unreasonable applications of, clearly established law. *Id.*

Neither the Ninth Circuit, nor the Supreme Court has found that AEDPA's requirements do not apply when a petitioner is found to be "actually innocent." Regardless of the logic of considering evidence for one purpose and not another, Section 2254(e)(2) should have precluded this Court's consideration of the new evidence that could have been presented to the state courts. *See Williams v.* Taylor, 529 U.S. 420 (2000). It was also incorrect for this Court to not apply deference to the state-court rulings under AEDPA. This Court found that the state courts lacked certain evidence and arguments and their assessments were based on incorrect assumptions. These are not standards under AEDPA, however. The issue is whether the state-court decisions

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

were contrary to, or unreasonable applications of, clearly established Federal law. Petitioner has never asserted that he could not adequately develop the record in the state court proceedings. He has never asserted that his ability to present arguments was similarly limited. Consequently, it is petitioner who failed to adequately develop the record, thereby depriving the state courts of the evidence that this Court now has access to. Thus, respondent has a strong likelihood of succeeding on this assignment of error on appeal because this Court failed to give adequate deference to the state courts under AEDPA.

5.    <u>Petitioner was not denied effective assistance of counsel</u>.

This Court found that petitioner was denied effective assistance of trial and appellate counsel. (Opinion and Order, 39-48). Respondent submits that there is a substantial case on appeal that this determination was incorrect. Respondent relies on the previously submitted briefing in support of this argument. (*See* Resp. to Supp. Memo., 13-32; Sur-reply, 1-4).

**B.    The state will be irreparably harmed absent a stay and it is in the public interest that petitioner remain on supervision pending an appeal.**

The second and fourth factors this Court should consider are whether the state will be irreparably harmed absent a stay and where the public interest lies. *Hilton*, 481 U.S. at 774. These factors, which are intertwined, support that granting of a stay in this case. *See id.* at 778. The public interest clearly favors a stay so that petitioner is subject to continued supervision and rehabilitation. Additionally, the state could be irreparably harmed if petitioner is allowed to reoffend due to inadequate supervision.

Considering the gravity of the crime petitioner was convicted of, the public interest favors a stay. Petitioner remains "in a considerably less favorable position than a pretrial arrestee." *Hilton*, 481 U.S. at 779. An Oregon jury has convicted petitioner of sexually abusing and sodomizing a four-year old boy. As this Court noted, "The sodomy of [the victim] is vicious and awful. If [petitioner] committed it, he should be sent to prison forever." (Tr. 47). Granted, this Court has found that no reasonable jury would have convicted him of those charges. But

Page 8 -    RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT PENDING APPEAL
AH/ah1/1349980

petitioner's own expert—who had the advantage of all the evidence presented to the state courts and this Court—had "no idea" whether the victim accurately recalled the abuse. (Tr. 25). The victim's current recollection of the abuse is also consistent with his testimony. (Resp. Ex. 142). Thus, there is strong likelihood that petitioner is a dangerous sex offender despite this Court's finding that the state court decisions were constitutionally infirm. The public should be secure in knowing that the decision to vacate petitioner's convictions has been reviewed by the appellate courts before petitioner is released without any supervision.

In addition, the state could be irreparably harmed absent a stay. As the Supreme Court has noted, "[w]hen convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." *McKune v. Lile*, 536 U.S. 24, 33 (2002). Even assuming, that there is only a possibility that petitioner committed the acts he was convicted of, this Court should not take the risk of freeing petitioner from any supervision. Furthermore, petitioner was previously convicted of First Degree Manslaughter (Aff. of Henderson, Att. 1), and he has spent the last fourteen years in prison. According to petitioner's criminal history, he was on parole for the manslaughter of a child when he committed the instant offenses. (*Id.*). Thus, his history indicates that without adequate supervision, he presents a substantial risk of harm to children.

This Court should also consider the length of petitioner's remaining sentence. He is scheduled to remain on post-prison supervision for almost eleven years, until 2020. Although petitioner has no remaining period of incarceration to serve, this Court should take into account the state's determination that a long period of post-prison supervision is necessary to ensure that petitioner is successfully integrated back into the community and does not recidivate.

C.    **Petitioner's interest in release pending appeal is substantially less significant than the state's interest in maintaining supervision.**

Petitioner is no longer incarcerated. His status is now "doubtless[ly] preferable to that of prisoner." *De Kaplany*, 540 F.2d at 976. While his post-prison supervision and sex offender

Page 9 -    RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT
PENDING APPEAL
AH/ah1/1349980

registration are serious collateral consequences of his conviction, he is no longer subject to the

level of custody assessed in *Hilton* and most other cases involving a stay of a habeas judgment.

His supervision is designed to both protect the community *and* benefit petitioner. According to

Linn County, this mission is accomplished by "creating a continuum of sanctions and incentives

and by identifying evidence-based treatment options to encourage positive behavioral change."[4]

Although petitioner is subject to restrictions appropriate for those found guilty of sexual

offenses, and this Court has questioned petitioner's guilt, the remainder of his supervision is

designed to successfully reintegrate petitioner into the community.  This includes mental health

treatment, financial assistance, and assistance in reintegration into the community.  (Aff. of

Henderson, 2-4).

Additionally, the Linn County Department of Parole and Probation and the State of

Oregon Board of Parole and Post-prison Supervision modified petitioner's parole conditions s as

a result this Court's order. The state and county recognize petitioner's assertion of rights and

have appropriately adjusted the conditions of his supervision. (Aff. of Henderson, p.3). Because

of these concessions, the petitioner's supervision is less onerous now than when he was released

from incarceration.

On balance, petitioner's interests are much less significant than the state's. He can

proceed with his reintegration into society during the pendency of any appeals. The adverse,

collateral consequences of his conviction do not measure compared to the state's interest in

protecting its citizens from a man found guilty, by a jury in this state, of sexually abusing and

sodomizing a child. Even if this Court has doubts about that conviction, petitioner should remain

on supervision until these issues are finally resolved.

///

///

---

[4] Linn County Parole and Probation, *available at*
http://www.oregon.gov/DOC/TRANS/CC/linn/welcome.shtml (Last visited March 30, 2009).

Page 10 - RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT
PENDING APPEAL
AH/ah1/1349980

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

## IV.  CONCLUSION

The Court should grant the Motion to Stay Judgment while the Ninth Circuit considers the appeal.

DATED this 2nd day of April, 2009.

Respectfully submitted,

JOHN R. KROGER
Attorney General

JACQUELINE SADKER #06497
SUMMER R. GLEASON #921127
ANDREW HALLMAN #083480
Assistant Attorneys General
Tel (503) 947-4700
Fax (503) 947-4794
Jacqueline.Sadker@doj.state.or.us
Summer.R.Gleason@doj.state.or.us
Andrew.Hallman@doj.state.or.us
Of Attorneys for Respondent

Page 11 -  RESPONDENT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT
PENDING APPEAL
AH/ah1/1349980

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

## CERTIFICATE OF SERVICE

I certify that on April 2, 2009, I served the foregoing RESPONDENT'S

MEMORANDUM IN SUPPORT OF MOTION TO STAY JUDGMENT PENDING APPEAL

upon the parties hereto by the method indicated below, and addressed to the following:

Stephen R. Sady
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

  ___ HAND DELIVERY
  ___ MAIL DELIVERY
  ___ OVERNIGHT MAIL
  ___ TELECOPY (FAX)
  ___ E-MAIL
  _X_ E-FILE


          _____
          JACQUELINE SADKER #06497
          SUMMER R. GLEASON #921127
          ANDREW HALLMAN #083480
          Assistant Attorneys General
          Tel (503) 947-4700
          Fax (503) 947-4794
          Jacqueline.Sadker@doj.state.or.us
          Summer.R.Gleason@doj.state.or.us
          Andrew.Hallman@doj.state.or.us
          Of Attorneys for Respondent

Page 1 - CERTIFICATE OF SERVICE
    JS/gcz/837943-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700