JOHN KROGER
Attorney General
ANDREW HALLMAN, #083480
Assistant Attorney General
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-1888
Email: andrew.hallman@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD LEE,<br><br>   Petitioner,<br><br> v.<br><br>ROBERT LAMPERT,<br><br>   Respondent. | Case No. CV 02-300-CL<br><br>AFFIDAVIT OF KARI HENDERSON |

STATE OF OREGON  )
          ) ss.
County of Linn     )

  I, Kari Henderson, being first duly sworn, depose and say that:

  1.  I am a Parole and Probation Officer in the Sex Offender unit for Linn County Parole and Probation. In that capacity, I am the custodian of records for Linn County Parole and Probation. The attached records are kept in the ordinary course of business.

  2.  I am the supervising officer for the petitioner in this case, Richard Lee. Mr. Lee is on post-prison supervision (PPS). He is scheduled to remain on PPS until January 14, 2020. (Att. 1).

Page 1 - AFFIDAVIT OF KARI HENDERSON
    AH/ahl/1347482

3.    Mr. Lee is on PPS as a result of his convictions for Sodomy and Sexual Abuse. Mr. Lee was also convicted in 1988 of First Degree Manslaughter. He has no other felony convictions. (Att. 1).

4.    The conditions of Mr. Lee's PPS, imposed by the Linn County Department of Parole and Probation and the State of Oregon Board of Parole and Post-prison Supervision, are listed in Attachments 2-5. These include, but are not limited to, the following:

   a.    Mr. Lee must undergo a mental health evaluation and follow all treatment recommendations. This includes taking any psychiatric or psychotropic medication. (Att. 1, p. 1).

   b.    Mr. Lee cannot have contact with certain persons and cannot be present at certain locations. He cannot leave the state without permission. (Att. 1, p. 1-2).

   c.    Mr. Lee must register as a sex offender and is subject to conditions placed on sex offenders. This includes Global Positioning System (GPS) monitoring and random polygraph testing. It includes residence restrictions and notification requirements. Mr. Lee must also participate in sex offender treatment. (Att. 1, p. 1-2; Att. 4-5).

   d.    Mr. Lee cannot possess or use intoxicating beverages or controlled substances except pursuant to a medical prescription. He must participate in a substance abuse evaluation and is required to submit to drug testing. He cannot possess firearms. (Att. 1, p. 1-3; Att. 3).

   e.    Mr. Lee must report to his supervising officer as required. He must consent to searches of his person, vehicle or premises. (Att. 1, p. 1-3).

5.    Mr. Lee can be sanctioned for failure to follow any of the conditions of his PPS. Sanctions include incarceration.

6.    The Linn County Department of Parole and Probation and the State of Oregon Board of Parole and Post-prison Supervision are aware of the following: On March 24, 2009, the United States Court for the District of Oregon ordered that the state of Oregon must retry Mr.

Page 2 -  AFFIDAVIT OF KARI HENDERSON
AH/ah1/1347482

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

Lee or release him from custody. The Department of Corrections is appealing the decision of the court and has requested a stay of the judgment pending the conclusion of all appeals in this proceeding. Mr. Lee will not be on PPS after July 22, 2009 unless a stay is granted by the Federal courts.

7.  The Linn County Department of Parole and Probation and the State of Oregon Board of Parole and Post-prison Supervision have been informed by Mr. Lee, through counsel, that Mr. Lee has asserted the rights of a "pre-trial defendant," which according to counsel for Mr. Lee include "a presumption of innocence and the privilege under the Fifth Amendment against self-incrimination, and the rights under the Sixth Amendment as a represented person not to be questioned by state or law enforcement officers unless in the presence of counsel."

8.  Linn County and the state are not challenging Mr. Lee's assertion of these particular rights insofar as his assertions pertain to the specific circumstances of the convictions that have resulted in Mr. Lee's current PPS.

9.  In consideration of the court's order, and in an effort to reduce the burden on Mr. Lee pending appeal or implementation of the court's order, Linn County and the state have modified selected conditions of Mr. Lee's PPS. The following modifications to the conditions of Mr. Lee's PPS will apply until July 22, 2009, unless a stay is granted, in which case they will apply until the conclusion of the appeals in this proceeding:

   a.  Mr. Lee will not be sanctioned for failure to participate in sex offender treatment. I will continue to recommend that he participate in sex offender treatment and, if he so chooses, he will *not* be allowed to have an attorney present.

   b.  Mr. Lee will not be sanctioned for failure to submit to random polygraph examinations.

   c.  Mr. Lee will not be questioned about the specific circumstances of the convictions that have resulted in his current PPS and he will not be sanctioned for failing to discuss those circumstances with his supervising officer or treatment providers.

Page 3 -   AFFIDAVIT OF KARI HENDERSON
           AH/ah1/1347482

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

10. Mr. Lee was provided $500 for living expenses and is currently staying in a motel.

11. Due to Mr. Lee's designation as a predatory sex offender, he is subject to numerous notification requirements, including door-to-door notification and posting requirements. Lee had previously requested, through his counsel, that these notification requirements be waived because it would impact his ability to live in a certain location. (This request was not addressed because Mr. Lee no longer desired to live in that location). Due to the nature of Mr. Lee's convictions, Linn County and the state will not agree to waive notification requirements except in a case-by-case basis and only when it would not jeopardize community safety.

12. Mr. Lee has now requested that he be allowed to live with another individual on PPS. This request has been approved. The individual Mr. Lee proposes to live with has made progress in reintegrating himself into the community while on PPS and it would likely be beneficial for Mr. Lee to reside with this individual. This arrangement will be considered a temporary residence and, in consideration of community safety, the court's order and Mr. Lee's situation, door-to-door notification will not be required.

13. Mr. Lee has had a mental health evaluation. I have not received the results of the mental health evaluation. Mr. Lee will be required to follow the treatment recommendations in the mental health evaluation.

///

///

///

///

///

///

///

Page 4 -  AFFIDAVIT OF KARI HENDERSON
AH/ah1/1347482

14.   Mr. Lee has been cooperative since his release from incarceration. He had one incident where he became upset with a mental health worker

*Kari Henderson*
Kari Henderson
Parole and Probation Officer

SUBSCRIBED and SWORN to before me this __2__ day of ~~March~~ April, 2009.

*Leslie S Chapman*
Notary Public for Oregon
My Commission Expires: 11·29·12

[OFFICIAL SEAL
LESLIE S CHAPMAN
NOTARY PUBLIC-OREGON
COMMISSION NO. 432091
MY COMMISSION EXPIRES NOV 29, 2012]

Page 5 - AFFIDAVIT OF KARI HENDERSON
AH/ah1/1347482
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-1888

ATTACHMENT ONE

Page 1 of 2

```
B01110R4H8J              .REUR  0111  LEDS
RR.KLH.OR022015G.KARI HENDERSON.SID/4943341.PUR/C.DPT/LINN COUNTY.BLD/PAROLE
AND PROBATION.ADR/118 SE 2ND AVE.CIS/ALBANY, OREGON.ZIP/97321

OREGON CCH RECORD FOR SID/OR04943341 AS OF 2008/12/11 AT 15:13
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME,
A NEW COPY SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE
IF FURTHER DETAIL IS DESIRED, COMMUNICATE DIRECTLY TO CONTRIBUTOR

* CONVICTED FELON *
* SINGLE-SOURCE OFFENDER-RECORDS MAY EXIST
  THAT ARE NOT INDEXED IN NCIC-III *
* SAMPLE ON FILE FOR DNA PROFILING *
* ACTION ITEM: IF SUBJECT IS ARRESTED,
SUBMIT 'STATE' FINGERPRINT CARD ONLY - 'FBI' CARD NOT NEEDED *
SID/OR04943341 FBI/338445T11
NAM/LEE,RICHARD ROBERT    DOB/1959/12/26  SEX/M  RAC/I  POB/OR
  HGT/601  WGT/180  HAIR/BLACK  EYE/BROWN  FPC/20161514l3PO1413PI12
* ADDITIONAL IDENTIFIERS *
SMT/SC L ARM/TAT R ARM/TAT R SHLD/TAT UL ARM
SOC/544749339
MNU/OA-OCI16774C
AKA/LEE,RICHARD R/LEE,RICHARD

ARREST #05 1994/10/21    OR0220000-LINN COUNTY SHERIFFS OFFIC FPN/20430104
   NAME USED/LEE,RICHARD ROBERT   LAN/116159
   01 ORS 163.427 SEXUAL ABUSE 1ST DEG
   02 ORS 163.405 SODOMY 1ST DEG

CUSTODY    1994/09/14    OR003035C-OREGON DEPARTMENT OF CORRE
   NAME USED/LEE,RICHARD
   01 ORS 144.350 PAROLE VIOLATION-MANSLAUGHTER I-LINN CO
   COURT
   01  COURT ORI NOT RECEIVED                       CONVICTED-FELONY
      ORS 144.350 PAROLE VIOLATION
      DOCKET #/86051228
      PROVISION/RELEASWE DATE 053008

ARREST #04 1994/07/28    OR0220100-ALBANY POLICE DEPARTMENT   FPN/20433063
   NAME USED/LEE,RICHARD ROBERT   LAN/116159   OCA/9412319
   01 ORS 163.405 SODOMY 1ST DEG-3 CTS
   02 ORS 163.427 SEXUAL ABUSE 1ST DEG-2 CTS
   COURT
   *01 1994/09/14 OR022013J-DIS CRT ALBANY              DISMISSED
      ORS 163.405 SODOMY 1ST DEG-FELONY/2 CTS
      DOCKET #/94071507F
   *02 1994/09/14 OR022013J-DIS CRT ALBANY              DISMISSED
      ORS 163.427 SEXUAL ABUSE 1ST DEG-FELONY/3 CTS
      DOCKET #/94071507F
   *03 1995/06/26 OR022015J-LINN COUNTY CIRCUIT COURT   CONVICTED-FELONY
      ORS 163.405 SODOMY 1ST DEG
      60M JAIL   DOCKET #/94071507
   *04 1995/06/26 OR022015J-LINN COUNTY CIRCUIT COURT   CONVICTED-FELONY
      ORS 163.405 SODOMY 1ST DEG
      110M JAIL  DOCKET #/94071507
   *05 1995/06/26 OR022015J-LINN COUNTY CIRCUIT COURT   CONVICTED-FELONY
      ORS 163.427 SEXUAL ABUSE 1ST DEG-2 CTS
      28M JAIL   DOCKET #/94071507

CUSTODY    1988/07/29    OR024025C-OREGON STATE CORRECTIONAL
```

```
  NAME USED/LEE,RICHARD R    LAN/16774C
   01 ORS 163.118 MANSLAUGHTER 1ST DEG-LINN CO
  COURT
    01  COURT ORI NOT RECEIVED                          CONVICTED
       ORS 163.118 MANSLAUGHTER 1ST DEG
       20Y JAIL   DOCKET #/86051228
  INSTITUTION/SUPERVISION
       1993/05/28 PAROLED              OR024095C-OREGON DEPARTMENT OF CORRECTI

ARREST #03 1988/02/03   OR0220100-ALBANY POLICE DEPARTMENT
  NAME USED/LEE,RICHARD ROBERT   LAN/70975   OCA/880599
   01 ORS 811.700 HIT AND RUN-VEHICLE-PROPERTY
   02 ORS 162.375 FALSE REPORT-INITIATING
  COURT
    01 1988/03/30 OR022011J-ALBANY MUNICIPAL COURT       DISMISSED
       ORS 811.700 HIT AND RUN-VEHICLE-PROPERTY
       DOCKET #/45388
    02 1988/03/30 OR022011J-ALBANY MUNICIPAL COURT       DISMISSED
       ORS 162.375 FALSE REPORT-INITIATING
       DOCKET #/45188

ARREST #02 1986/05/26    OR0220100-ALBANY POLICE DEPARTMENT   FPN/9037315
  NAME USED/LEE,RICHARD ROBERT   LAN/70975   OCA/862435
   01 ORS 163.145 CRIMINALLY NEGLIGENT HOMICIDE
  COURT
    01 1988/06/24 OR0220015J-LINN COUNTY CIRCUIT COURT   CONVICTED
       ORS 163.118 MANSLAUGHTER 1ST DEG
       20Y JAIL   DOCKET #/86051228

ARREST #01 1978/04/18    OR0040100-ASTORIA POLICE DEPARTMENT
  NAME USED/LEE,RICHARD ROBERT   LAN/A8417   OCA/41932
   01 ORS 161.685 FAIL TO PAY FINE
  COURT
    01  OR004011J-ASTORIA MUNICIPAL COURT                CONVICTED
       ORS 471.430 MINOR IN POSSESSION OF LIQUOR
       $27-FINE   DOCKET #/41932
       PROVISION/TRUE CRT DATE/012478

ENTERED 1978/04/25   LAST UPDATED 2000/08/27

OREGON STATE POLICE
IDENTIFICATION SERVICES SECTION
3772 PORTLAND ROAD NE
SALEM, OREGON 97301-0312
OROSBI000    (503) 378-3070
```

THE USE OF THIS RECORD IS CONTROLLED BY STATE AND FEDERAL REGULATIONS.
IT IS PROVIDED FOR OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE
PURPOSE REQUESTED

Received on 12/11/08 at 15:13:30

## STATE OF OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION
### ORDER OF SUPERVISION CONDITIONS

| | | | |
|---|---|---|---|
| **NAME:** | LEE, RICHARD | **PHYSICAL RELEASE DATE:** | 03/18/2009 |
| **SID #:** | 4943341 | **SENTENCE EXPIRATION DATE:** | 05/30/2008 |
| **OFFICE/CASELOAD:** | OSP/ 00105 | **POST-PRISON SUPV EXPIRATION:** | 01/14/2020 |
| **PAROLE REL DATE:** | | **ACTIVE SUPERVISION REVIEW DT:** | 01/14/2020 |
| **BOARD ACTION DATE:** | 03/06/2009 | **TENTATIVE PAROLE DISCHG DATE:** | |

Report To: Linn County Community Corrections, 118 SE Second Ave. Suite F, Albany, OR, 973
Board finds subject to be a predatory sex offender pursuant to ORS 181.585-587

| OL | OFFENSE | IC | CNTY | CASE# | PPS | PPS EXP DATE |
|---|---|---|---|---|---|---|
| SG | SEXAB1 N | | LINN | 94071507 | 130 | 01/14/2020 |
| SG | SODO I | | LINN | 94071507 | 130 | 01/14/2020 |
| SG | SODO I | | LINN | 94071507 | 130 | 01/14/2020 |
| SG | SEXAB1 N | | LINN | 94071507 | 130 | 01/14/2020 |

**RICHARD LEE IS HEREBY RELEASED.** Parole or Post-Prison Supervision shall begin on release from physical custody. The minimum active supervision period shall be 130 months, or to the sentence expiration date. Extension of the active supervision period is contingent on a recommendation from the supervising officer and Board approval. Supervision conditions may be modified as necessary. If you violate any of these conditions you may be incarcerated or sanctioned in the community. You are subject to all General Conditions and to the following Special Conditions:

1. Offender shall be evaluated by a mental health evaluator and follow all treatment recommendations.

2. Offender shall continue to take any psychiatric or psychotropic medication that was prescribed prior to or at the time of release from custody until otherwise directed by a physician. At the direction of the parole officer, the offender shall undergo a psychiatric evaluation and take any medications recommended. The offender shall comply with a medication monitoring program at the request of the parole officer.

4. Offender shall have no contact with minor males and shall not be present more than one time, without the prior written approval from the board, supervisory authority or supervising officer, at a place where persons under 18 years of age regularly congregate. The offender shall also not be present, without the prior written approval of the board or supervising officer, at, or on property adjacent to, a school, child care center, playground or other place intended for use primarily by persons under 18 years of age.

8. If required to report as a sex offender under ors 181.595, report with the department of state police, a chief of police, a county sheriff or the supervising agency: when supervision begins, within 10 days of a change in residence and once a year within 10 days of the person's date of birth.

9. Offender shall not possess or use intoxicating beverages.

10. Other: Special conditions may be imposed that are not listed above when the Board of Parole and Post-Prison Supervision determines that such conditions are necessary. Consent to search of computer or other electronic equipment upon the request of the supervising officer, or their representative, if the supervising officer has reasonable grounds to believe that evidence of a violation will be found. SEX OFFENDER PACKAGE A: (a) Agreement to comply with any curfew set by the board, the supervisory authority or the supervising officer. (b) A prohibition against contacting a person under 18 years of age without the prior written approval of the board, supervisory authority or supervising officer. (c) A prohibition against being present more than one time, without the prior written approval of the board, supervisory authority or supervising officer, at a place where persons under 18 years of age regularly congregate. (d) In addition to the prohibition under subparagraph (c) of this paragraph, a prohibition against being present, without the prior written approval of the board or supervising officer, at, or on property adjacent to, a school, child care center, playground or other place intended for use primarily by persons under 18 years of age. (e) A prohibition against working or volunteering at a school, day care center, park, playground or other place

*8:00pm*

ATTACHMENT TWO

## STATE OF OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION
## ORDER OF SUPERVISION CONDITIONS

where persons under 18 years of age regularly congregate. (f) Entry into and completion of or successful discharge from a sex offender treatment program approved by the board, supervisory authority or supervising officer. The offender shall abide by all rules and conditions of the sex offender treatment program. The program may include polygraph and plethysmograph testing. The person is responsible for paying for the treatment program. (g) A prohibition against any contact with the victim, directly or indirectly, unless approved by the victim, the person's treatment provider and the board, supervisory authority or supervising officer. (h) Unless otherwise indicated for the treatment required under subparagraph (F) of this paragraph, a prohibition against viewing, listening to, owning or possessing any sexually stimulating visual or auditory materials that are relevant to the person's deviant behavior. (i) Agreement to consent to a search of the person or the vehicle or residence of the person upon the request of a representative of the board or supervisory authority if the representative has reasonable grounds to believe that evidence of a violation of a condition of post-prison supervision will be found. (j) Participation in random polygraph examinations to obtain information for risk management and treatment. The person is responsible for paying the expenses of the examinations. The results of a polygraph examination under this subparagraph may not be used in evidence in a hearing to prove a violation of post-prison supervision. (k) Maintenance of a driving log and a prohibition against driving a motor vehicle alone unless approved by the board, supervisory authority or supervising officer. (l) A prohibition against using a post-office box unless approved by the board, supervisory authority or supervising officer. (m) A prohibition against residing in any dwelling in which another sex offender who is on probation, parole or post-prison supervision resides unless approved by the board or supervising officer, or in which more than one other sex offender who is on probation parole or post-prison supervision resides unless approved by the board or a designee of the board. As soon as practicable, the supervising officer of a person subject to the requirements of this subparagraph shall review the person's living arrangement wit the persons' sex offender treatment provider to ensure that the arrangement supports the goals of offender rehabilitation and community safety. As used in this subparagraph: (i) "Dwelling" has the meaning given that term in ORS 469.160. (ii) "Dwelling" does not include a residential treatment facility or halfway house. (iii) "Halfway house" means a publicly or privately operated profit or nonprofit residential facility that provides rehabilitative care and treatment for sex offenders. (n) If the person is on post-prison following conviction of a sex crime, as defines in ORS 181.594, or an assault, as defines in ORS 163.175 or 163.185, and the victim was under 18 years of age, the board or supervisory authority, if requested by the victim, shall include as a special condition of the person's post-prison supervision that the person not reside within three miles of the victim.   GPS: GPS/electronic monitoring/curfew/ESP/geographic restrictions per PO. Do not form or engage in personal relationships with persons responsible for the care of minors, without parole officer written permission.   SUBSTANCE ABUSE PACKAGE: Do not enter into establishments where alcohol is the primary source of revenue; Curfew/ESP/ Geographic restrictions per PO; Do not go to places where drugs are known to be used, kept, manufactured or sold; Attend substance abuse support or self-help group, as approved and directed by PO; Do not possess drug paraphernalia. No association with known drug users, outside of a treatment setting, without the prior written permission of PO.

11.  Offender shall have no contact direct or indirect with those listed below:  No contact with, including direct or indirect, second or third party or knowingly be within 1000 feet of the residence, employment, school, daycare or motor vehicle without prior written consent of the parole officer with Matthew Hendricks or his family. No contact without prior written consent of the parole officer with Robert Underwood.

## STATE OF OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION
## ORDER OF SUPERVISION CONDITIONS

**GENERAL SUPERVISION CONDITIONS**

1. Pay supervision fees, fines, restitution or other fees ordered by the Board.

2. Not use or possess controlled substances except pursuant to a medical prescription.

3. Submit to testing of breath or urine for controlled substance or alcohol use if the offender has a history of substance abuse or if there is a reasonable suspicion that the offender has illegally used controlled substances.

4. Participate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator if there are reasonable grounds to believe there is a history of substance abuse.

5. Remain in the State of Oregon until written permission to leave is granted by the Department of Corrections or a county community corrections agency. Offender automatically waives extradition if offender absconds supervision out of State.

6. If physically able, find and maintain gainful full-time employment, approved schooling, or a full-time combination of both.

7. Change neither employment nor residence without prior permission from the Department of Corrections or a county community corrections agency.

8. Permit the supervising officer to visit the offender or the offender's residence or work site, and to conduct a walk-through of the common areas and of the rooms in the residence occupied by or under the control of the offender. Report as required and abide by the direction of the supervising officer.

9. Consent to the search of person, vehicle or premises upon the request of a representative of the supervising officer if the supervising officer has reasonable grounds to believe that evidence of a violation will be found and submit to fingerprinting or photographing, or both, when requested by the Department of Corrections or a county community corrections agency for supervision purposes.

10. Obey all laws, municipal, county, state and federal.

11. Promptly and truthfully answer all reasonable inquiries by the Department of Corrections or a county community corrections agency.

12. Not possess weapons, firearms, or dangerous animals.

13. Report as required and abide by the direction of the supervising officer.

ATTACHMENT TWO

STATE OF OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION
ORDER OF SUPERVISION CONDITIONS

If the offender's actual physical release date is different than the release date noted on this order, the supervision expiration date will be modified accordingly. Physical release to detainer custody of 30 days or longer may also result in an adjustment to the post-prison supervision start date and expiration date(s).

I have read, or have had read to me, and fully understand and acknowledge the conditions under which I am being released. I will strictly abide by them and I understand that my failure to do so may result in return to imprisonment and forfeiture of all good time credits, if any, earned by me prior to the effective date of this order.

Pursuant to OAR 255-080-0005 through OAR 255-080-0015, you may seek administrative review of this order by submitting a written request for administrative review to the board's chairperson within 45 days from the date you signed the order or the date the supervisory authority acknowledged you received the order. After the board has issued an administrative review response, you may seek judicial review of this order by filing a petition for judicial review in the Court of Appeals, State of Oregon Supreme Court Building, Salem, OR 97310, within 60 days after the date the board mails the administrative review response. Judicial review is pursuant to the provisions of ORS 144.335 and ORS 183.482(8).

Upon release from custody, report as directed to supervising agency, or within 24 hours.

Steven R. Powers
Chairperson

_____ _____
Offender                Date 3/18/09

_____ _____
Witness                 Date 3-18-09

Original to Board
Cc: Inmate
    DOC file

# NOTICE TO CORRECTIONS CLIENTS

**FIREARMS:**
Oregon law prohibits any person convicted of a crime punishable as a felony from possessing or having under the person's custody or control any firearm. The penalty for violation of Oregon law is imprisonment for up to five (5) years. United States law prohibits any person convicted of a crime punishable as a felony to receive, possess, control or transport any firearm or ammunition. The penalty for violation of United States law is imprisonment of not less than five (5) years or more depending on your criminal history. If you have been convicted of ANY FELONY this applies to you, even after you have completed your parole/probation.

**VIOLENCE AGAINST WOMEN ACT (VAWA):**
It is a federal crime under the Gun Control Act to possess a firearm or ammunition while subject to a qualifying Protection Order (Restraining or Stalking Order), or to possess a firearm or ammunition after conviction of a qualifying misdemeanor crime of domestic violence, 18 U.S.C. Section 922(g). A person who violates the Gun Control Act, Sections 922(g) shall be fined, imprisoned for not more than ten (10) years or both.

**RESTRICTED WEAPONS:**
Any person who is a convicted felon is not permitted to possess or have under the person's custody or control any instrument or weapon having a blade that projects or swings into position by force of a spring or by centrifugal force or any blackjack, slungshot, sandclub, sandbag, sap glove or metal knuckles, or to carry a dirk, dagger, or stiletto. The penalty for violation of this law is imprisonment for up to one (1) year.

**ALL SUPERVISIONS FELONY & MISDEMEANOR:**
General condition #12 states "Not possess weapons, firearms or dangerous animals." All restricted weapons as listed above, archery equipment and crossbows are considered weapons and you are prohibited from owning, possessing or having under your custody or control such weapons while on supervision.

**You have 24 hours from advisement of this notice to remove all weapons from your possession, control or ownership. Any weapons found thereafter will be considered a deliberate violation of your supervision as well as the law.**

**GRIEVANCE PROCEDURE:**
Linn County has a procedure that allows you to "grieve" decisions or actions you believe are unfair or wrong. This is an official complaint. You are encouraged to attempt to work out any such issues with your supervising officer. If this does not work, you may request the Grievance Policy Notification and Grievance Form at the front desk and make an appointment with the employee's immediate supervisor.

**SUPERVISION AND OTHER FEES:**
State law requires payment of supervision fees by all persons on supervision. Linn County charges $35 per month. Linn County also charges $150 for DUII Evaluations, $125 for each polygraph, and $10 per day for electronic home detention. There is a sliding scale fee for treatment. If you fail to pay these fees while on supervision, the bill will be collected at some later point in your life via wage garnishment, tax refund confiscation, etc. by the Oregon Department of Revenue. To be eligible for out of state travel you must be current on supervision fees.

I understand and acknowledge that I have been notified of the above. I also understand that this document does not cover all possible situations. If I want specific information, I will ask my supervising officer.

_____     3/18/09
Parolee/Probationer Signature           Date/Time

_____     3-18-09
Witness/Title                                     Date/Time
Rev 1/8/2007

# LINN COUNTY PAROLE AND PROBATION
118 SE 2ND STREET, SUITE F
ALBANY, OREGON 97321
Phone (541) 967-2005 Fax (541) 967-2004

### ELECTRONIC GPS CONDITIONS

You have been approved for participation in the GPS Program. You will be required to abide by the following conditions:

1. I agree not to change my residence while on GPS.
2. I agree to remain in my residence at all times while on GPS except those scheduled times authorized by the Supervising officer. I will contact the Supervising officer at the first possible opportunity.
3. I agree to take Polygraph examinations as requested.
4. I agree not to use alcohol or illegal drugs. I will not allow alcohol or illegal drugs at my residence, vehicle or property.
5. I agree not to possess any firearm and not to allow any firearm at my residence.
6. I agree to allow Linn County Community Correction officers or their representative, to search my person, residence, vehicle or property.
7. I agree to report to Linn County Community Corrections as directed. I understand that Linn County Community Corrections officers or their representative will make random, unscheduled visits to my residence.
8. I agree that Linn County Community Corrections has no responsibility to provide food, shelter, clothing, or medical / dental care to me while on GPS.
9. I agree to obey all Municipal, State, and Federal laws.
10. I agree to pay a fee as set by Linn County Community Corrections to participate in the GPS program. If I am issued a GPS unit, I will charge it for a minimum of 2 hours a day or until the charging light has gone completely out. Failure to charge the unit properly on a repeated basis will be considered a violation of this agreement. The responsibility to maintain a charged GPS unit is solely mine.

By my signature, I confirm that I understand each of the above conditions and agree to abide by them. I understand that if I violate any of these conditions I will be removed from the GPS program and a jail sentence may be imposed.

_____    3/18/09
GPS Client                                      Date

_____    3-18-09
Witness                                          Date

12/19/2008

# NO CONTACT / ASSOCATION DEFINED
## Sex Offenders

**COMMUNICATION:** Communication in any form is contact. This includes verbal communication such as talking, and/or written communication such as letters, notes, messages, etc.

**DIRECT CONTACT:** One-on-one contact. This includes in person visits, touching, talking on the phone, letters or written notes, and/or making proximity contact.

**PROXIMITY CONTACT:** Being in the proximity (visual or physical presence) of a person (such as in the same house, yard, store, restaurant, vehicle, room, church, movie theater, etc.) where communication could be established. This includes driving by, following and/or waiting outside the home, property, place of employment, school, church and/or daycare of the victim/prohibited party. In a non-public setting (such as a private residence, etc.), you need to leave immediately. In a public setting, you are required to avoid contact with victim/prohibited party but if your victim is present or the prohibited party is known to you, leave immediately.

**INDIRECT CONTACT:** Making contact through another person (such as friends or family) to send messages, pictures, and deliver or receive packages, gifts, notes, money, etc.

**NON-VERBAL CONTACT:** This includes waving, smiling, sign language, mouthing words, facial or body language and obscene gestures.

**SUPERVISED CONTACT:** When an offender is allowed to have contact with the victim/prohibited party under prearranged conditions and times. These conditions and times must be approved **in writing prior to the contact.** Contact can only be approved by the supervising P.O. Your counselor or attorney <u>cannot</u> give approval.

I understand that I am restricted from going to any place where children are the primary users such as playgrounds, schools, circuses, carnivals, arcades, daycares, parades, fairs etc. I also understand that I am restricted from entering any fast food restaurants, attending church, going to the Mall, going to the library or the movies without written permission from my supervising officer.

I understand I am **not to contact or associate** (as defined above) with the victim/prohibited party until I receive written permission by the Court/Parole Board/Supervisory Authority and/or my Parole & Probation Officer. I understand that because of the nature of my offense, I have lost my privilege to have contact with the victim/prohibited party at this time. I understand it is **MY RESPONSIBILITY** to make every attempt to avoid contact with the victim/prohibited party. I also understand that if the victim/prohibited party attempts contact with me I am not to respond to or acknowledge them.

_____        3/18/09
Parolee/Probationer Signature                  Date

_____        3-18-09
Parole & Probation Officer Signature           Date

# LINN COUNTY PAROLE AND PROBATION
118 SE 2ND STREET, SUITE F
ALBANY, OREGON 97321
Phone (541) 967-2005 Fax (541) 967-2004

## GPS MONITORING AGREEMENT

- I will charge the GPS unit for a minimum of two hours each day. Failure to charge the unit properly is a violation and may result in the termination of this agreement.

- I understand that I am responsible for the proper care of the equipment I have been issued.

- I understand that I must pay for lost of damaged equipment. Cost will be:
    $995.00 for the monitoring unit
    $60.00 for strap replacement
    $60.00 for power cord replacement

- I understand that I may be charged with a new crime for the loss of, or damage to, the GPS equipment issued to me.

_[signature]_  3/18/09
Offender Signature        Date

_Kari Henderson_  3-18-09
Witness Signature        Date

12/19/2008

## CERTIFICATE OF SERVICE

I certify that on April 2, 2009, I served the foregoing AFFIDAVIT OF KARI HENDERSON upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Stephen R. Sady<br>Assistant Federal Public Defender<br>101 SW Main Street, Suite 1700<br>Portland, OR 97204 | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>_X_ E-FILE |

*/s/ Jacqueline Sadker*

JACQUELINE SADKER #06497
SUMMER R. GLEASON #921127
ANDREW HALLMAN #083480
Assistant Attorneys General
Tel (503) 947-4700
Fax (503) 947-4794
Jacqueline.Sadker@doj.state.or.us
Summer.R.Gleason@doj.state.or.us
Andrew.Hallman@doj.state.or.us
Of Attorneys for Respondent

Page 1 -   CERTIFICATE OF SERVICE
         JS/gcz/837943-v1
                        Department of Justice
                        1162 Court Street NE
                        Salem, OR 97301-4096
                        (503) 947-4700