**Stephen R. Sady, OSB #81099**
**Chief Deputy Federal Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**
**Email: Steve_Sady@fd.org**

**Attorney for Petitioner**


# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**RICHARD LEE,**                                    **Civ. No. 02-300-CL**

                  **Petitioner,**

    **vs.**                                              **PETITIONER'S OPPOSITION TO**
                                     **MOTION TO STAY JUDGMENT**
**ROBERT LAMPERT,**                            **PENDING APPEAL**

                  **Respondent.**

_____

**Introduction**

      This case is unique: the Court granted habeas relief a week after the petitioner finished serving his 14-year term of imprisonment and was released on conditions of supervision as a predatory sex offender – a designation based on the convictions that have now been vacated.  The State seeks a stay of the judgment so that it can continue to supervise Mr. Lee as a sex offender through the parole office, which has publicly decried the Court's ruling.

The State has not followed the explicit reference in this Court's judgment that left to the state courts conditions of release, which was an appropriate exercise of this Court's equitable authority under 28 U.S.C. § 2243 to fashion a remedy "as law and justice require."  Instead, the State resorts to alarmist rhetoric and unfounded claims regarding the validity of this Court's ruling.  The Court should deny the stay because the State has failed to rebut the presumption favoring release from custody pending appellate review of the grant of the writ of habeas corpus.  *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).

A.    **The State Seeks To Continue The Onerous Predatory Sex Offender Conditions Of Release That Have Caused, And Will Continue To Cause, Mr. Lee Significant Hardship.**

The State minimizes what is at stake here.  Although Mr. Lee is no longer behind bars, he is far from being at liberty.  In fact, the State's actions have created a particularly onerous form of custody.  As held in *Hilton*, the State's interest in a stay is radically diminished where he has already served the prison sentence.  481 U.S. at 777.  By staying the judgment, the State diminishes to the vanishing point the fruits of his exoneration by allowing continued punishment as a sex offender.

The State advocates parole supervision by an office that is particularly ill-suited to address a presumptively innocent person.  The parole office deliberately broadcasted to the community, through the media, that Mr. Lee is a predatory sex offender, both before and after this Court's ruling.  *Ex-Prisoner's Possible Freedom Worries Linn County Officials*, The Oregonian, Mar. 28, 2009, at A1.  As a consequence, Mr. Lee has received threats, as have some of his relatives who merely bear resemblance to him.  By being forced to register

as a sex offender, his opportunities for employment and housing are restricted. Although the State has temporarily agreed not to sanction Mr. Lee for failing to participate in sex offender treatment, he is still required to attend. Importantly, the State will not waive the door-to-door sex offender notification requirements and will continue to require that he follow the treatment recommendation in the mental health evaluation, which includes taking psychiatric or psychotropic medication. He is also subject to Global Position System (GPS) monitoring, curfews, and restrictions on where he may go. Sanctions for failure to follow these conditions include reincarceration.

The conditions, and the sanctions for failing to comply, are significant burdens to Mr. Lee. The longer Mr. Lee is branded as a predatory sex offender, the more difficult it will be for him to restore his normal life. The Court should deny the efforts to continue conditions of parole related to the vacated convictions, leaving the state courts to impose pretrial conditions of release appropriate for a person presumed innocent who poses little to no risk of flight given that he has already served his prison sentence.

**B.    The State Ignores The Judgment's Reference To Pretrial Supervision By The State Courts.**

The historic purpose of the writ has been to secure the release of those unlawfully detained. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Accordingly, Rule 23 (c) provides that a prisoner must be released on personal recognizance, with or without surety, while a decision granting habeas relief is under review, unless the court orders otherwise. Fed. R. App. P. 23(a). Further, because habeas corpus authority is at its core an equitable remedy

(*Boumediene v. Bush*, 128 S. Ct. 2229, 2267 (2008)), this Court correctly fashioned relief in this individual case "as law and justice require."  28 U.S.C. § 2243.

In granting relief in this case, this Court afforded the State 120 days to retry Mr. Lee, directing that "[w]hether Lee remains in custody pending a retrial shall be determined by Oregon courts in accordance with the laws of that state."  Order and Judgment at 2.  The Court's order is eminently sensible because it presumes Mr. Lee's innocence and places him in the status of a pretrial defendant.  His conditions of release should not assume he is guilty of the convictions this Court held were unlawful and should be vacated.  Unlike *Hilton*, based on the facts and circumstances of this case, this Court vacated the convictions, then delegated to the state courts any conditions to be imposed pending retrial.  The State has not shown this procedure to be unreasonable.

## C.    The State Has Failed To Meet Its Burden To Warrant A Stay.

The Supreme Court in *Hilton* clearly held that there was a presumption of release pending appeal.  481 U.S. at 774.  Because Mr. Lee has completed his sentence, the State has an even heavier burden to show that a stay should be entered.  *Hilton*, 481 U.S. at 777 (the State's interest is "weakest where there is little remaining sentence to be served").

### 1.    *The State Has Not Met Its Burden Of Establishing A Likelihood Of Success On Appeal.*

This Court engaged in an unusually profound factual and legal analysis before vacating convictions for charges that – if true – the Court believed would warrant harsh punishment.  The State primarily relies on some of Magistrate Judge Clarke's Findings and

Recommendations as establishing a likelihood of success on appeal, yet dismisses other findings by the Magistrate Judge. This Court's 49-page analysis establishes that the State does not have a substantial likelihood of prevailing on appeal.

First, the Ninth Circuit has applied the actual innocence under *Schlup* in determining whether an untimely petition may be heard on the merits. *Johnson v. Knowles*, 541 F.3d 933, 935 (9th Cir. 2008). Although the petitioner in *Knowles* failed to make the requisite showing, this Court's decision and the Magistrate Judge's Finding are entirely consistent with *Knowles* and the Ninth Circuit's earlier holding in *Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002). The statute does not permit different rules for different kinds of defaults. *See Clark v. Martinez*, 543 U.S. 371, 378 (2005). The State has not met its burden that there is a likelihood that it will prevail on this assignment of error.

Second, the State's assertion that it was error for this Court to conduct an evidentiary hearing under 28 U.S.C. § 2254(e)(2) is based on an incorrect reading of the record. The hearing held on October 30, 2008, was not pursuant to § 2254(e)(2), but rather under *Schlup*. In fact, the State stated during the hearing: "I thought the issue today was whether or not petitioner was actually innocent as a gateway to the procedurally defaulted [claims]," to which the Court responded: "That's absolutely true." Tr. at 12.

The complaints about Dr. Bruck's testimony are similarly without merit. Under *Schlup*, the petitioner may offer testimony that was not presented to the trial jury that would undermine the confidence in the verdict. Dr. Bruck was called as a witness to provide expert testimony regarding the reliability of the trial testimony, that, had the jury heard it, would

have resulted in a different verdict.  The Court properly limited the cross-examination of the witness to that question.  The State also mischaracterizes the Court's comments regarding the affidavit of Matthew.  The Court received the affidavit, considered it, and determined that it did not merit much weight because of the manner in which the allegations first surfaced and the confusion of his trial testimony.

Third, the State asserts that there is likelihood of success on the merits of its claim that the Court misapplied *Schlup* because Judge Clarke previously found that petitioner was not actually innocent, and because findings of actual innocence are rare.  This argument also fails.  Judge Clarke found the facts of the case "disturbing," but his finding that the petitioner did not pass the *Schlup* gateway did not include evidence heard by this Court.  Moreover, the frequency of actual innocence findings in other cases is irrelevant to this case, where the record demonstrates deep flaws in both proof and process.

Fourth, the Court properly conducted a *de novo* review of the constitutional claims under *Schlup*.  The State provides no reason to give deference to claims that fall within the miscarriage of justice exception, allowing relief where actual innocence is established.  In any event, the Court found that "certain state court rulings were contrary to, or an unreasonable application of clearly established Federal law as determined by the Supreme Court."  Op. at 38.  Accordingly, even under the deferential AEDPA standard, Mr. Lee was entitled to relief.

2.    *The State Has Not Met Its Burden On The Other Factors.*

The State has failed to establish that it will be irreparably harmed absent a stay or that a stay lies in the public interest.  Mr. Lee is not a sex offender, much less a predatory sex offender, because he has no prior sex offense convictions.  The State's claim that there is "a strong likelihood that petitioner is a dangerous sex offender" (Mo. at 9) is supported only by the vacated conviction.  The State's alarmist language, ironically, appears to be based on Mr. Lee's insistence on maintaining his innocence – because he is innocent – which has led the State to the incorrect conclusion that he is a sex offender in denial.  He is an innocent man, factually and legally.

For the same reason, the Court should also reject the argument that Mr. Lee presents a substantial risk of harm to children.  The State's interest in Mr. Lee based on the manslaughter conviction expired when his sentence expired.  The State should not now piggy-back that conviction on the vacated conviction to justify a stay.  Nor should the Court consider the length of the term of post-prison supervision as a factor justifying the stay.  The State's determination that a long period of supervision is necessary was premised only on his conviction.  The Court should also reject the State's specious argument that continuation of the conditions of supervision "benefit petitioner" – the parole office's dealings with the media demonstrate little concern for Mr. Lee's safety and well-being.

**Conclusion**

Mr. Lee spent 14 years in prison before this Court determined that he was entitled to habeas relief.  Before his release, the State labeled him a predatory sex offender because he

denied guilt and, since his release, the State continues to present him as guilty through the media.  The State's proposed modifications to his conditions of parole are inconsistent with the vacation of invalid convictions and expose him to greater restrictions than necessary, including reincarceration.  Although the petitioner does not need any conditions of supervision, to the extent that the Court has concerns, he has already offered to be on pretrial conditions appropriate to a presumptively innocent accused person.  Under this Court's authority to "dispose of the matter as law and justice require," the Court's judgment should remain intact and the State's motion for a stay pending appeal should be denied.

Respectfully submitted this 8th day of April, 2009.


 /s/ Stephen R. Sady
Stephen R. Sady
Attorney for Petitioner

On the brief:

Lynn Deffebach
Research and Writing Attorney